GEORGE W. CHATTERTON, Plaintiff in Error, *v.* COLUMBUS SAUL, Defendant in Error.

ERROR TO MADISON.

If a party seeks to maintain an action of replevin, for a steam saw-mill building, with all the machinery, etc., belonging to the same, he should at least aver in his affidavit, that the property in question is personal estate.

This cause was heard before UNDERWOOD, Judge, in the Madison Circuit Court, at October term, 1854.

H. W. BILLINGS and B. S. EDWARDS, for Plaintiff in Error.

L. TRUMBULL and S. T. SAWYER, for Defendant in Error.

TREAT, C. J. This was an action of replevin, brought by Chatterton against Saul. It was founded upon the following affidavit: "George W. Chatterton, being first duly sworn, makes oath and states, that he is lawfully entitled to the possession of a certain steam saw-mill building, together with all the apparatus, machinery and tackling belonging to the same, consisting of one steam engine and the appurtenances belonging and attached to the same, saw and log way, and all other apparatus being in, belonging to, and attached to said saw-mill building, all of the value of twenty-five hundred dollars; said steam saw-mill being situated on that part of the south-east fractional quarter of section ten, township five north, of range ten west, in the county of Madison and State of Illinois, described as follows, to wit: being four hundred feet front on the Mississippi river, and commencing at a point one hundred and twenty feet from Bluff street in the city of Alton, Illinois, and running thence on the Mississippi river in a north-westerly direction four hundred feet, running back from said river to the base of the bluff, and thence along said bluff four hundred feet, thence along the line of land owned by A. Breath, to the place of beginning. This affiant further states that the property above described, to wit, the said steam saw-mill and the apparatus, machinery and tackling belonging to the same, has not been taken, nor has any part thereof, for any tax, assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of this affiant liable to execution or attachment; he further states that the said property is now in the possession of one Columbus Saul, who unlawfully withholds the possession of the same from this affiant; he therefore prays that a writ of replevin may issue from the clerk's office of the Madison circuit court, directed to the sheriff of Madison county, commanding him to cause the said property to be replevied and put in possession of this affiant." The court dismissed the proceeding, on the ground that replevin did not lie in such a case.

Our statute gives the remedy by replevin, where "goods or chattels" are wrongfully taken or detained from the owner, or the person entitled to their possession. *Prima facie*, a building is real estate, and belongs to the owner of the land on which it

stands. And such is the presumption, even where a building is erected by one man upon the land of another. The legal effect of putting it upon another's land, is to make it a part of the realty. But a building may be personal estate, and the property of another than the owner of the freehold. As where it is erected by the builder, with his own means and for his exclusive use, in pursuance of an understanding between him and the owner of the inheritance. And so where it is erected by a tenant on demised premises, for purposes of trade or manufacture. In such cases, the building is regarded as personal property, and may be removed by the owner thereof, or sold on execution against him; and at his death it passes to his personal representative. These principles of law are so well established as to render unnecessary any citation of authorities. There is a fatal objection to the affidavit made in this case. It does not show that the property in question is personal estate. It simply alleges that the plaintiff is the owner of the mill and appendages, without showing the circumstances under which the same were placed upon the land. If put there by him with permission of the owner, or in the character of a tenant, the affidavit should so have stated. As it does not disclose a state of facts that takes the case out of the general rule, the presumption clearly is that the plaintiff is the owner of the land. If so, the mill is a part of the realty, and in no sense personal property. The possession of real estate is not to be recovered by replevin, but the appropriate remedy is by ejectment. The affidavit fails entirely to show a state of case that authorizes the plaintiff to maintain replevin, and the court did right in dismissing the proceeding. Whether the action of replevin would lie, even if the mill was personal property, is a question that need not now be discussed, and respecting which we must be understood as intimating no opinion.

The judgment is affirmed.

*Judgment affirmed.*