JOHN H. DART *et al.*, Appellants, *v.* JOHN HORN, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Where part of the property claimed by a writ of replevin cannot be found, and there is personal service, the plaintiff may add a count in trover.

In an action of replevin against several, it is erroneous to assume in instructions to the jury that all are derelict; it should be left to the jury to say, whether all the defendants were engaged in taking the property claimed or not.

REPLEVIN for five stacks of hay. The sheriff returned the writ with the indorsement that he had taken two and one-eighth stacks, the rest not found.

The declaration contained two counts: The first, in the *detinuit*, for two and one-eighth stacks; the second, in the *detinet*, for two and seven-eighths stacks.

The defendants, Dart, Sutherland & Gould, pleaded three pleas: First, property in Charles Horn; second, property in Martin Horn; third, property in Charles and Martin Horn.

The defendant, Lord, pleaded: First, *non-detinuit* and *non-detinet*; second, property in Charles Horn.

Issue was joined on all the above pleas. Leave was given to the plaintiff to add a new count in trover, to his declaration. The count was filed for two and seven-eighths stacks. The defendants pleaded " not guilty," on which issue was joined.

On the 1st of October, the case was tried by J. M. WILSON, Judge, and a jury, when the following verdict was given: " We, the jury, find for the plaintiff on the first count, and the property replevied to be in the plaintiff; and further find said defendants guilty under second count, and assess plaintiff's damages herein at two hundred and eighty dollars."

The defendants then moved for a new trial and in arrest of judgment, which motion was overruled and the defendants appealed.

GEORGE PAYSON, for Appellants.

J. J. McGILVRA, for Appellee.

CATON, C. J.   We are inclined to the opinion, that by a liberal construction of our statute, where part of the property claimed in the writ of replevin cannot be found, and there is personal service, the plaintiff may add a count in trover. The remedial policy of the statute would seem to require this; and we do not apprehend that any serious difficulty will be found in practice, by adopting the rules of damages appropriate to each count.

But we think the second instruction, given for the plaintiff, improperly assumed facts to be true, which should have been left to the jury, and which it was by no means certain were established by the proof. The instruction is this: " If the jury believe, from the evidence, that the plaintiff was the owner of the hay in question, at the time it was taken, as proved by the witnesses, the jury will find a verdict for the plaintiff on the count in trover, for the hay so taken, at the value of the hay as proved by the evidence." This assumes that the hay was taken by the defendants, and all of them. It should have been left

to the jury to say, whether all of the defendants were engaged in taking the hay, which, from the evidence preserved in this bill of exceptions, was a doubtful question; and especially was it doubtful, whether all of the defendants were jointly engaged in taking all the hay, for which the verdict was rendered. The verdict against all, could be for no more than all were jointly engaged in removing.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*