## ROBERT B. ENNIS

## V.

## ARGENT E. LAMB.

1. PLEADING—DEFENSES—JUSTIFICATION.—In the first count of plaintiff's declaration, the breaking and entering plaintiff's house, and in the other counts, the taking the goods and chattels, are the gist of the action, and whatever else is alleged is only by way of aggravation. Under these, then, if the plaintiff made out a *prima facie* case, the defendant was required to justify only as to the breaking and entering, under the first count, and as to the taking, in the other counts, to make a complete justification.

2. TENANCY—ENFORCEMENT OF WRIT OF RESTITUTION.—Appellee claimed to be the owner of a house situated on appellant's land. Appellee's husband took from appellant a lease, and judgment of ouster was afterwards rendered against him as tenant of appellant. *Held*, that he must be considered as the head of the family, and the writ of restitution was properly served against him and all occupying with him; and notwithstanding appellee might have been the owner of the house, she could not retain possession of appellee's, land in defiance of the writ of restitution.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed January 19, 1882.

This action was trespass brought by appellee, Lamb, against appellant, Ennis. The declaration contains five counts. First count, that defendant, January 13, 1879, with force and arms broke, and entered plaintiff's dwelling house, known as No. 171 South Morgan street, in the city of Chicago, made great noise, etc., broke down doors, etc., and took and carried away divers goods and chattels, the property of plaintiff. Second count, the same, except that defendant expelled plaintiff from said house. Third count is trespass to goods and chattels. Fourth and fifth counts the same, but describing one frame dwelling house known as No. 171 South Morgan street, Chicago. The defendant pleaded the general issue, and the parties entered into a stipulation that defendant might make all legal defenses as though specially pleaded. On the trial the plaintiff testified that she was the wife of Ralph H. Lamb; that she knew the house No. 171 South Morgan street. To show her title to the

house, she proved and gave in evidence a bill of sale of the same, by one Wm. Heaysman to her, bearing date June 4, 1878. Also a bill of sale of the same from her husband to said Heaysman, bearing date Nov. 1, 1877.

She then testified that, January 13, 1879, while she was residing in said house with her husband and daughter, constable Mooney, with assistants, came and removed her furniture, and required her and her family to leave said house. Evidence was given tending to show that the personal property in the house belonged to plaintiff, and that some of it was lost and injured; also to show the value of the house.

Mooney gave testimony for plaintiff, tending to show that he was a constable; that he had a writ of restitution, and was directed by the defendant to execute it, and that he did, and that the goods were taken out in a proper manner.

The defendant gave in evidence a lease, bearing date April 1, 1878, between Sallie U. Ennis and Ralph H. Lamb, whereby the former demised to the latter the premises in question, with the appurtenances, from that date to the first day of April, 1879; Lamb to pay as rent $200, payable quarterly in advance, and containing the usual provision for forfeiture in case of non-payment of rent. The lease was *inter partes*, and executed by Lamb. Evidence was given that Sallie U. Ennis was the wife of the defendant, and owner of the ground whereon the house in question stood.

The defendant gave in evidence a judgment, regularly rendered by a justice of the peace, in Chicago, on the 21st day of December, 1878, in favor of said Sallie U. Ennis, and against said Ralph H. Lamb, in forcible detainer of the same house and premises in question. Also a writ of restitution, issued by the justice, January 6, 1879. on said judgment, which was delivered to constable Mooney and by him returned, executed January 13, 1879. The defendant testified that he directed the constable to proceed strictly according to law; that he was not present when the writ was executed, but miles away. Evidence was also given by defendant tending to show that the above-mentioned bill of sale from Ralph H. Lamb to Heaysman, and that from her back to Mrs. Lamb, the plaintiff

below, were both made in January, 1879, and ante-dated as above stated. This was testified to by the attorney who drew them, but was denied by plaintiff and her husband.

Other matters of evidence material to the case, are stated in the opinion of the court.

The court, on behalf of the plaintiff, gave to the jury the following instruction:

" If the jury believe from all the evidence that in June, 1878, Mrs. Lamb, the plaintiff, became the lawful and *bona fide* owner of the house in question, and that she has ever since continued to be such owner; that the defendant, R. B. Ennis, had notice of such ownership before the time the plaintiff was dispossessed of said house, and that she, the plaintiff, did not stand by while the *forcible detainer* proceedings in evidence were going on, and knowingly conceal her interest and title to the house from the defendant, then the jury should find for the plaintiff."

To which defendant's counsel excepted. The court was requested by defendant's counsel to instruct the jury as follows :

1. " The court instructs the jury that if they believe from the evidence that the plaintiff, A. E. Lamb, is the wife of Ralph H. Lamb, and that said Ralph Lamb occupied the house No. 171 South Morgan street, under lease from Sallie U. Ennis ; that said Sallie U. Ennis brought suit against said Ralph Lamb in the Justice Court of Cook County, and obtained judgment of ouster against said Ralph Lamb, that a writ of restitution was issued upon said judgment, and delivered to constable Mooney, to be executed according to law, and that said Mooney undertook to execute said writ, that it was then his duty to put out of said house the said Ralph Lamb, or any one who he may have been found in said house—who were there as part of the family of said Ralph Lamb, or occupying said house in any manner under the lease of said Ralph Lamb, and in case the plaintiff so occupied said house when she was put out, she can not recover in this action against R. B. Ennis.

2. " If the constable who put the plaintiff out of the house mentioned was armed with a writ of restitution from a justice of the peace of Cook county, issued upon a judgment of ouster

rendered against Ralph Lamb; that it was lawful and right for him to put out of said house the said Ralph Lamb, and any and all persons who occupied said house with him, as part of his family, or any and all persons, who got into said house, on account of said Lamb having possession thereof as the tenant of plaintiff in said suit."

The jury found the defendant guilty, and assessed plaintiff's damages at $1,000. The court overruling defendant's motion for a new trail, gave judgment on the verdict, and defendant brings the case to this court by appeal.

Mr. CHARLES H. WOOD and Mr. WM. B. CUNNINGHAM, for appellant; that neither a tenant nor one who gets in possession under him, can set up title to the prejudice of the landlord in forcible detainer, cited Fortier v. Ballance, 5 Gilm. 41; Fusselman v. Worthington, 14 Ill. 135; Baker v. Hays, 28 Ill. 387; Miller v. White, 80 Ill. 580.

Appellants are not liable in trespass: Outllaw v. Davis, 27 Ill. 467; Banta v. Reynolds, 3 B. Mon. 80; Page v. Depuy, 40 Ill. 506; Ambrose v. Root, 11 Ill. 497; Six Carpenter's Case, 8 Coke, 146; Allen v. Crofoot, 3 Wend. 156; Booth v. Rees, 26 Ill. 45; Snydacker v. Brosse, 51 Ill. 357.

Trespass will not lie for an act done under process valid on its face: Teft v. Ashbaugh, 13 Ill. 602; Ludington v. Peck, 3 Conn. 700; Kerlin v. Heacock, 4 Day, 257; Beaty v. Perkins, 6 Wend. 382; Ortman v. Greenman, 4 Mich. 291.

Mr. JOHN N. JEMISON and Mr. A. B. BALDWIN, for appellee.

McALLISTER, J. Under the first two counts of the declaration, the breaking and entering the plaintiff's dwelling-house, are the *gist* of the action, and whatever else is alleged in these counts, amounts only to matter of aggravation. So, under the other counts, the taking the goods and chattels described, is the *gist* of the action, and the removal or conversion only matter of aggravation. BULLER J., in Taylor v. Cole, 3 Term R. 292; Ruker v. McNeely, 4 Blackf. 181; Rasor v. Qualk, Ib. 287.

If, therefore, the plaintiff below made out a *prima facie* case

Ennis v. Lamb.

against the defendant, he was required to justify only as to the breaking and entering under the first two counts; and as to the taking under the other counts, to make a complete justification in the case.

The case shows that Sallie U. Ennis, who was the wife of the defendant below, was the owner of the lot on which the house in question was. There was no evidence as to the manner in which the house was annexed to the freehold, or that it was built on that lot under any license from the owner of the lot at the time. But the house being upon the lot, and plaintiff being the wife of Ralph H. Lamb, the latter, April 1, 1878, became a tenant of the premises under a lease from said Sallie U. Ennis, for one year, at the rental of $200 per year, payable quarterly in advance. Lamb failing to pay his rent, his lessor declared the lease forfeited, and December 21, 1878, recovered, before a justice of the peace having jurisdiction of the subject-matter and the person, a judgment against Ralph H. Lamb, for the forcible detention of said premises. January 6, 1879, the defendant below as agent of his wife, directed, and the justice issued, a writ of restitution upon said judgment, directed to the sheriff or any constable of Cook county, reciting the recovery of the judgment against Ralph Lamb in an action of forcible detainer, and for the restitution of the premises, describing them, and commanding said officers to dispossess the said Ralph Lamb, and restore the said Sallie U. Ennis to the possession of said premises.

This writ, perfectly regular in every respect, was delivered to a constable, who, after demanding the possession of the occupants of the premises, Lamb and his family, and being refused, proceeded, Jan. 13, 1879, while the writ was in force, to execute it. This, and this alone, is the trespass complained of.

After much consideration as to the facts and the law arising out of them, we are brought to the conclusion that, under the circumstances in evidence, the due execution of that writ could not make the constable the party plaintiff in such writ, or her agent, the defendant below in this case, trespassers, as respected either Ralph Lamb, or the plaintiff below, his wife. It is indisputable that they were not trespassers as to Ralph

Lamb.   See Mayne's Case, 5 Coke, 138.   " If a writ of *habere facias seisinam* of a house, or a writ of *habere facias possessionem*, even at the suit of a private person, be delivered to the sheriff, it is lawful for him, after declaring the cause of coming and demanding to have it opened, to break down the door of the house to execute either of these; for after the judgment, on which either of these writs must be founded, the house is no longer to be considered as the house of the person in whose possession it is."   9 Bac. Abr. Tit. Trespass, (F.) p. 489;   Page v. DePuy 40 Ill. 506.

The breaking into the house by the constable and his assistants, was done only after notice to the occupants of the writ, and a demand for admission.   So that it is clear the writ was a justification as respected Ralph Lamb.   The house was his dwelling-house, as that term is ordinarily understood, and not that of his wife, who was but a member of a family of which he was the head.   The possession must be deemed in law, his possession.   The rights of the different members of the family were merely dependent upon, and incidental to, his rights So that, when Mrs. Ennis obtained the judgment against him in forcible detainer, and for restitution to her of the premises, that house ceased to be his dwelling-house; and by that termination of his rights, all the incidental rights of the plaintiff, as his wife, were terminated also.   This doctrine, though not directly affirmed, pervades much of the reasoning of the opinion in Miller el al. v. White, 80 Ill. 580.

But it might be urged that this doctrine is not properly applicable here, because the plaintiff gave evidence tending to show that, although Mrs. Ennis was the owner of the lot, yet she, the plaintiff, owned the house before, and at the time her husband took the lease, April 1, 1878, from Mrs. Ennis. But if that were true, it is still further true that she (the plaintiff) had no right to occupy Mrs. Ennis' land with the house, except through the lease in question.   When that ceased was not her occupation that merely of a trespasser? While her husband's tenancy subsisted she availed herself of it in the use of her house.

When that tenancy was lawfully terminated, and she left,

Ennis v. Lamb.

without any right to have her house occupy Mrs. Ennis' ground, then, instead of moving her house away, or asserting her right to remove it, as it was her duty to do if it was her personal property, she takes the position that she will stay there just so long as she chooses, and that while she so stays Mrs. Ennis can have no lawful right to have her writ of restitution executed, because it can not be executed without interfering with plaintiff's possession of her personal property. We regard such position as unsupported by reason or law Suppose she had been the owner of a carriage which had been kept there, and had been sitting in it in the yard on the premises when the officer came to execute the writ; would that have been any legal obstacle to its execution, because she had not been made a party to the forcible detainer proceedings?

The law never required that persons who had or claimed no right of possession to the land, but only had or used personal property thereon, by the license of the tenant, to be joined as parties defendant in such proceedings. But we think there was no competent evidence in the case of plaintiff's title to the house.

It is settled law, that *prima facie*, all buildings, and especially dwelling-houses, belong to the owner of the land on which they stand, as part of the realty; and the burden of proof is upon those who claim that they are personal property, to show that they retain that character. Ewell on Fixtures, and cases in notes.

Plaintiff sought to show her title by giving in evidence a bill of sale of the house, from her husband, Ralph Lamb, to one Heaysman, purporting to have been made in November, 1877, and by the latter to her. There was no evidence of ownership in Ralph Lamb in November, 1877, but the mere naked statement by her that he was the owner. Chatterton v. Saul, 16 Ill. 149. The circumstances under which it was placed on the land should have been proven. The court permitted the plaintiff, as witness in her own behalf, to answer against the objections of the defendants, this question: "Who was the owner of that house in June, 1868?" She answered, "I was." The effect of this was to testify to title in her to the house,

when she conceded that the land was owned by Mrs. Ennis, by her mere conclusion. The answer to such question necessarily involved matters of law as well as of fact. We understand that the rule which requires witnesses to state facts, and not conclusions or deductions, forbids their testifying to conclusions, especially when they involve matters of law as well as of fact. Gibson v. Gibson, 9 Yerg. 324; Jameson v Drinkald, 12 Moore, 148; 1 Phil. on Ev. Cowen, Hill & Edward's notes, p. 784, note 210.

The court gave to the jury, on behalf of plaintiff, this instruction: "If the jury believe from all the evidence, that in June, 1878, Mrs. Lamb, the plaintiff, became the lawful *bona fide* owner of the house in question, and that she has ever since continued to be such owner; that the defendant, R. B. Ennis, had notice of such ownership before the time the plaintiff was dispossessed of said house, and that she, the plaintiff, did not stand by while the forcible detainer proceedings in evidence were going on, and knowingly conceal her interest and title to the house from the defendant, then the jury should find for the plaintiff."

The instruction is subject to two fatal objections. First, in submitting it to the jury to find that plaintiff was the lawful owner of the house in June, 1878, the court submitted to the jury a question of law. To find that plaintiff was the owner of the house, irrespective of the circumstances under which it was placed on the land, would be for the jury to find that she was the owner of the land, and that, too, without any competent evidence. Chatterton v. Saul, 16 Ill. 149.

Secondly, it is entirely wanting in any hypothesis that the defendant either participated in, erected, or subsequently ratified any of the alleged trespasses. Whether he did the one or the other, or neither, was a question of fact to be found by the jury, and could not be assumed by the court. Dart v. Horn, 20 Ill. 212.

There are other errors assigned, but we do not deem it necessary to pass upon them, as those pointed out make a reversal of the judgment necessary.

Reversed and remanded.