*595 OPINION of the Court, by
Ch. J. Bibb.
This was au action of indebitatus assumpsit. The declaration contains two counts ; the one is by the assignee against the assignor of a covenant to pay a horse to be worth one hundred dollars, to have been delivered on a certain day in Standford. After setting forth the covenant and assignment, and notice to the covenantor of such assignment, the plaintiff avers the failure of the co-venantor to pay the horse at the time and place appointed ; that he had made diligent search in the circuit for Jameson, the obligor, but has not been able to find him ; and that he was, at the time the horse became payable, insolvent and unable to pay ; whereof the assignor, af-terwards, on-, &c. had notice ; whereby the assignor became liable, &c. -, and being so liable, in consideration thereof, assumed to pay to the plaintiff, when requested, one hundred dollars, “ the amount of said deed,’9
*596 The second count is upon an indebitatus assumpsit for so much money had and received to the use oí the plaintiff. Upon general demurrer to both counts, tha* court below gave judgment against the plaintiff.
To the first count there are several insuperable objections. The assignment as stated is not bv specialty, but by simple contract, and yet no consideration for assignment is laid. 2dly. The diligence used to find the covenantor in the circuit alone, is insufficient to excuse the failure to bring suit on the covenant; nor can the, averment of insolvency excuse the want of diligence by suh, on an instrument not negotiable by the lex mercato-ria, but assignable only under the statute. The assign- or of such a paper is only responsible under the contract implied by law upon a failure to make the money after due diligence used in a suit by the, assignee against the maker ; so is the law settled by the decisions in this state, to which we had reference in the cases of Noland vs. Woods and Smallwood vs. Woods, (a). It is not pretended, by any averment, that the covenantor was out of the commonwealth at the date of the assignment, and so remained until after the day of payment; the contrary is rather asserted by the averment that the covenantor had notice of the assignment. The failure to sue not being excused, the liability of the assignor did not attach, and therefore the promise laid upon the consideration of his liability is not upholden. But the liability of the assignor is charged to be for payment of “ the amount of the said deed,” not the amount of the consideration which passed to the assignor from the assignee for the assignment, which consideration (as before observed) is n® where stated. From the liability to pay the amount of the deed as deduced, another legal conclusion is drawn by the plaintiff, viz. an indebitatus assumpsit, on the part of the assignor, for one hundred dollars. Neither of the conclusions follow, from the premises upon which they are respectively predicated. If it were admitted that the assignor was liable to the assignee upon the predicaments, yet he was liable for the consideration received for the assignment, not for the amount of the deed. And such must be the assignor’s responsibility, considering the source to which it is traced in the cases before cited. But if the predication were admitted, that he was liable to pay the amount of the covenant as* *597 signed, yet an indebitatus assumpsit would not lie. That action is in nature of an action of debt, and lies only in cases where the thing promised can be recovered in nu-mero, by way of damages, including also damages for the detention or special loss, if any — -Slade’» case 4 Co. 92. Where the promise or agreement is not for the payment of money, but for the doing- of some other matter or thing, the remedy for breach is by action called a special assumpsit. So in the case of the Bank of England vs. Glover, 2 Ld. Raym. 753, Holt, chief justice, decided that the evidence proved a buying of Shepherd’s note, with a warranty of it by the defendant, upon which the plaintiffs “ might well maintain a special action, but not a general indebitatus assumpsit. So in Norris vs. Napper, (ib. 1007) where a trooper, belonging to Lord Arran’s regiment, lost his horse, amongst others, which were psfid for by the queen, at 15 pounds per horse, and the money was received by Lord Arran ; Holt at first inclined to support an indebitatus assump-sit, but it appearing that Arran had laid out the money in horses, and sent fifteen of them to the defendant, so that he had not received money ; therefore, at the counsel’s request, it was made a case for farther consideration — See Fowler vs. Samwell, Str. 653. To which might be added many more, shewing that die action of indebitatus assumpsit is in nature of debt, and must be supported by a monied consideration. Now the amount ot the covenant is to pay a horse of such a worth ; and, according to the case of Watson and M'Call vs. M'Nairy (a), neither debt nor detinue would lie against the maker of the obligation, and therefore, indebitatps as-sumpsit would not lie against the assignor, according to the principles of that action as before explained. The first count was therefore altogether insufficient.
To the second count there was no cause of demurrer, and the judgment for the defendant upon a general demurrer to both counts must therefore be reversed. The second count probably escaped the attention of both parties in the court below,"by considering the first count as the only matter really in controversy, and that the second was only repetition of the same transaction in another mode of declaring. Accordmgtoseveral precedents in this court, the demurrant is entitled to have leave in the court below to withdraw (b) hjs demurrer to the sc- *598 cond count and plead issuably to the fact, in case he shall choose so to do ; and if the plaintiff diinks he can support his first count by amendment, in conformity with the opinion of the court, then each party should, have leave to amend their pleadings, &c.
Judgment reversed.

 Ante 542.

Ante 356-Brunter vs Kelsoe, ante 487.

 Hammond vs. Alexander ante 333.