BURRALL *vs.* JACOT and others.

The payee of an instrument in these words, "New-York, May 12, 1837. Messrs. J. S. B. & J. Gent. Please deliver to C. B. jr. thirty-six dozen Stone & Co. axes. D. E. S. & Co.," on the face of which was written "accepted, J. S. B. & J.— when called for," cannot recover upon the same, against the acceptors, under the common money counts.

The acceptance of such an order, by the persons upon whom it is drawn, will not amount to a sale of the axes specified therein, to the payee.

Such an acceptance amounts only to a promise to deliver the property at a future time, on request. It is a special undertaking; and in order to recover upon it, the payee must declare upon it as such.

THIS was an action of assumpsit, tried at the New-York circuit, before Edmonds, circuit judge. The declaration contained only the common money counts; to which the defendants pleaded the general issue. Upon the trial of the cause, the circuit judge directed a nonsuit to be entered; and a motion was now made to set the same aside.

*F. Sayre,* for the plaintiff. Upon the testimony on the part of the plaintiff, the jury would have been authorized to render a verdict for the plaintiff for the value of the axes, under the count for money had and received; and the judge erred in ordering a nonsuit. (*Bailey* v. *Johnson,* 9 *Cowen,* 115. *Nelson* v. *Blight,* 1 *John. Cas.* 205. *Sturtevant* v. *Waterbury,* 2 *Hall,* 453. *Israel* v. *Douglass,* 1 *Hen. Black.* 239. *Quin* v. *Hanford,* 1 *Hill,* 83.)

*H. B. Cowles,* for the defendants. The nonsuit was properly granted, and should not be set aside. The paper called an order, or acceptance, was void by the statute of frauds. (*Watson* v. *Randall,* 20 *Wend.* 201. *Mason* v. *Munger,* 5 *Hill,* 613.) It was not admissible under the declaration and bill of particulars in the cause. It was not admissible in evidence under the common counts, (5 *Hill,* 613;) and the plain-

Burrall *v.* Jacot.

tiff could not have recovered upon it under the common count. He should have declared specially upon the contract; setting forth the consideration: the more especially as it was a special executory contract not payable in money, or importing or expressing a consideration. 1. It was not a bill of exchange, and cannot be declared on, or in any way treated as such. It does not import a consideration, and by its acceptance no funds can be presumed to be in the hands of the acceptors. (1 *Cowen's Tr.* 160. 6 *Cowen's Rep.* 108.) 2. It is not payable in money; and it cannot be treated as money. (*Underhill* v. *Pomroy,* 2 *Hill,* 603. *Brown on Actions,* 515, 516. 29 *Law Lib. N. S.* 367.) 3. The words value received are not contained in it. (*Saxton* v. *Johnson,* 10 *John.* 418.) 4. If it had any validity whatever, it was a contract in respect to which a consideration should have been averred and proved. (*Atkinson* v. *Manks,* 1 *Cowen's Rep.* 692, 706, 7, 8.)

There was no sufficient consideration, expressed or proved, for the undertaking of the defendants. The plaintiff was not entitled to recover in his own name for any claim D. Stone & Co. might have had against the defendants for axes, or the proceeds of them; nor upon any claim the plaintiff might have against D. Stone & Co. The plaintiff, upon the evidence, could not have maintained an action of trover. (*Austin* v. *Graves,* 4 *Taunt.* 445. *White* v. *Wilkes,* 5 *id.* 176. *Hallenbake* v. *Fish,* 8 *Wend.* 547.) If he chooses to bring assumpsit, his rights must be governed by the rules incident to that action. (*Howell* v. *Ball,* 5 *B. & Ad.* 504. 5 *B. & Ald.* 652.)

There was not sufficient evidence either that the defendants had sold the axes, or received the proceeds of them.

BY THE COURT. The plaintiff seeks, upon the common money counts, to recover against the defendants the proceeds of an alleged sale of certain axes, under the following circumstances. D. E. Stone & Co., on the 12th of May, 1837, made and delivered to the plaintiff an instrument in writing in these words:

"New-York, May 12, 1837.

Messrs. Jacot, Smith, Boyce & Jones,

Gent. Please deliver to Charles Burrall, jr. thirty-six dozen Stone & Co. axes.

(Signed,)     D. E. Stone & Co."

On the face of this was written " accepted," and signed " Jacot, Smith, Boyce & Jones—when called for."

The firm of D. E. Stone & Co., at the date of this instrument, had from one to two hundred dozen axes deposited with the defendant, which they withdrew from the latter by orders at various times. In May, 1843, the plaintiff caused the order in question to be presented to the defendants, and a demand of payment to be made on them, in general terms. The defendants appeared to be surprised at the presentation of the order, and replied that they had not had any of that description of axes on hand for three or four years, and that their account with Stone & Co. was closed and had been settled for years, and it was their impression that this claim had been paid. The book-keeper of the defendants was called as a witness for the plaintiff, and testified that in the year 1837 the defendants were in the habit of purchasing axes of D. E. Stone & Co. They never, to witness' knowledge, sold those axes on commission; they were not commission merchants. Sometimes Stone & Co. sent axes to the store of the defendant and stored them there until D. E. Stone & Co. could sell or dispose of them.

This is the substance of the plaintiff's case. The defendant moved for a nonsuit, for several reasons; and among them, that the plaintiff could not recover under the common money counts. And the circuit judge nonsuited the plaintiff.

The acceptance of the order in question by the defendants, under the circumstances attending it, did not amount to a sale of the thirty-six dozen of axes to the plaintiff. There was no designation or setting apart of these axes from the one or two hundred dozen which the drawers of the order had at the time in the possession of the defendants. There was no delivery of

the axes, or any circumstances from which a present delivery could be inferred. The acceptance amounted only to a promise to deliver at a future time, on request. It was a special undertaking; and in order to recover upon it, the plaintiff should have counted upon it as such.

But even admitting that the acceptance of the order amounted to a transfer of the property, the plaintiff could not recover under the money counts. There was no evidence of a sale of the axes by the defendants. On the contrary, it appears that the axes of Stone & Co. were deposited with the defendants till the owners could sell them, and that the one or two hundred dozen on hand at the date of this order were all subsequently withdrawn from the defendants' possession, by orders from Stone & Co., and the whole account was closed several years before the plaintiff presented his order, and demanded payment of the defendants. The idea that the defendants ever received any money, or any thing, for their axes, after the date of the order in question, is entirely negatived by the evidence in the case.

We are clear that the nonsuit was properly granted on the trial, and that the circuit judge erred in setting it aside.

Motion to set aside nonsuit denied.

