## JAMES W. MEYERS

### v.

## JACOB SCHEMP et al.

1. COMMON COUNTS—*when price of sale may be recovered under.* Where property is purchased, to be paid for in anything but money, no action can be maintained by the seller under the common counts.

2. INDEBITATUS ASSUMPSIT—*when plaintiff can not recover in. Indebitatus assumpsit* will not lie where the agreement is not for the payment of money, but for the doing of some other thing. The declaration in such a case must be special.

3. SALE—*when reasonable time for payment will be inferred.* If a party sells a brick building, agreeing to receive payment of the price in the brick when taken out of the walls, at a certain price per thousand, the price will not be due immediately, but the purchaser will be entitled to a reasonable time to prepare the brick for delivery before he can be considered in default.

4. STATUTE OF FRAUDS—*sale of brick in walls of burned building.* Where a building was burned, and the owner afterwards verbally sold the brick, some of which had been severed by the fire, but the greater part remaining in the walls, it was *held*, that the brick in the walls was realty, and the sale being an entirety, was within the Statute of Frauds.

5. SAME—*when not necessary to be pleaded.* Where the plaintiff declares upon the common counts only, and seeks to recover the price of realty sold, it is competent for the defendant to rely upon the Statute of Frauds without pleading it.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of assumpsit, by James W. Meyers, against Jacob Schemp and Charles Brante, to recover the price of a brick building which had been burned. The defendants recovered judgment in the court below, and the plaintiff appealed.

Messrs. WHEAT & MARCY, and Messrs. WARREN, WHEAT & HAMILTON, for the appellant.

Messrs. ARNTZEN & RICHARDSON, and Mr. J. C. THOMPSON, for the appellees.

Mr. Justice McAllister delivered the opinion of the Court:

This was *indebitatus assumpsit* upon the common counts, brought by appellant against appellees; pleas, the general issue and set-off. There was a trial by jury, and verdict for defendants, upon which the court gave judgment. Plaintiff brings the case to this court by appeal.

The declaration containing no special count, the plaintiff sought to recover the sum of $445, which the defendants bid for a brick building belonging to plaintiff, and put up by him for sale at auction. The sale occurred June 24, 1871, and this suit was commenced July 5, 1871. The terms of sale were not reduced to writing, hence there was much dispute about them—the plaintiff claiming and introducing evidence to the effect that the sum bid was $445, and to be cash down. While the defendants testified, themselves, and gave much corroborating testimony that, although the amount bid was as claimed by plaintiff, yet, the agreement was, that plaintiff was to take his pay in brick which were to be taken out of the building when it was taken down, at $3.50 per thousand; and it was insisted, as a defense, that if such was the agreement, the plaintiff was bound to wait a reasonable time for the brick to be prepared and delivered before bringing his suit, and that the time intervening the sale and the suit was not reasonable for that purpose; so that the suit was prematurely brought. If the jury so found, it would be a good defense. The defendants would be entitled to a reasonable time to prepare the brick for delivery before they could be considered in default; and, besides, if the amount bid was to be paid in anything but money, no action could be sustained upon the common counts.

*Indebitatus assumpsit* will not lie where the agreement is not for the payment of money, but for the doing of some other thing. The action, in such case, must be special. *Spratt* v.

*McKinney* 1 Bibb, 595; *Brookes* v. *Scott,* 2 Munf. 344; *Cochran* v. *Tatum,* 8 Mon. 405; *Snedicor* v. *Leachman,* 10 Ala. 330; *Burrall* v. *Jacot,* 1 Barb. 165.

The contract, being verbal, and for the sale of a brick building, why was it not within the Statute of Frauds? *Prima facie* a building is real estate. *Chatterton* v. *Saul,* 16 Ill. 149; *Ogden* v. *Stock,* 34 Ill. 522. There was nothing in the case to show that this building was not real estate. The materials of which it was composed would, so far as they had become severed by the fire, become personalty, but the main part of it remained as it was, when used as a public house—realty; and, although part of the subject matter might have been personalty, yet, if the contract embraced realty as well, it must be regarded as entire, and governed by the Statute of Frauds. *Cook* v. *Tombs,* 2 Anst. 420; *Lea* v. *Barber,* ib. 425; *Thayer* v. *Rock,* 13 Wend. 53.

The plaintiff having declared upon the common counts, and then sought to recover under them the price agreed upon a verbal sale of realty, it was competent for defendants to rely upon the Statute of Frauds without pleading it.

The offer, made by plaintiff's counsel, to prove that defendants had sold a portion of the brick, was not made for the purpose of showing that they had received so much money to the use of plaintiff. It was not a part of the offer to prove that they had received any money, but it was for a wholly different purpose.

Finding no error in the record, it is the opinion of a majority of the court that the judgment must be affirmed.

*Judgment affirmed.*