THE LONG ISLAND RAILROAD COMPANY, Respondent, *v.* JOHN P. VERREE et al., Appellants.

Plaintiff contracted to deliver to the defendants old railroad iron at fifty-one dollars per ton, and to receive in exchange therefor "fish joints," at one dollar and sixty-five cents each.   Plaintiff delivered old iron in excess of the "fish joints" received; the iron in excess was not ordered by defendants; it was shipped to them without notice, and upon its

arrival they notified plaintiff that they did not need it, but would receive it on account oi fish joints, to which notice plaintiff made no objection. *Held,* that plaintiff was not entitled to recover the value of the excess without proof of a breach of the agreement on the part of defendants by a refusal to deliver fish joints to the extent of the iron delivered.

(Argued March 26, 1877 ; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover two items alleged to be due plaintiff on account.

But one item was in dispute on the appeal; as to it, the referee found, in substance, as follows :

In the year 1869, an agreement by parol was entered into between the plaintiff, acting through its president, and the defendants, whereby plaintiff agreed to deliver to defendants old railroad iron at fifty-one dollars per ton, and to receive in exchange therefor " fish-joints," to be furnished by the defendants at $1.65 a piece. No time was specified for the duration of the contract, nor did it relate to any particular quantity of iron. Large quantities of the two articles were exchanged under the agreement.

The defendants at no time sent forward fish-joints except when ordered to do so by the plaintiff, and the plaintiff sent old iron sometimes upon orders from the defendants, and sometimes without their orders, and at times the value of old iron thus delivered was in excess of the fish-joints, the amount thereof being settled for by the defendants in cash.

In December, 1870, plaintiff shipped to defendants 265 tons of old iron. The iron so shipped had not been ordered by them, nor had they any knowledge or notice of the shipment thereof until it (the iron) arrived at their wharf in Philadelphia. They at once notified the plaintiff that they were not in need of the iron, but would receive it and credit it to plaintiff on account of fish-joints, to which the plaintiff

made no objection or dissent, and it was so received and credited by defendants, the fish-joints being charged at $1.65 a piece. There was an excess, in consequence of this shipment, of old iron over fish-joints. It was not contemplated nor intended that the plaintiff should be required to pay cash for the joints, nor that the defendants should be required to pay cash for the iron, though at times the one article was delivered in excess of the other, and cash was paid on account by defendants to plaintiff. The defendants filled all orders made upon them by the plaintiff for joints, and the plaintiff did not, at any time before the commencement of this action, demand fish-joints of the defendants on account of the excess.

For the excess of the iron the referee allowed plaintiff the market value, which he found to be $45 per ton.

Further facts appear in the opinion.

*Hamilton Odell*, for the appellants. In order to maintain this action, plaintiff was bound to show a demand for the joints, and a refusal by defendants to deliver. (*Smith* v. *Tiffany*, 36 Barb., 23; *Vance* v. *Bloomer*, 20 Wend., 196; *Rice* v. *Churchill*, 2 Den., 145; *Hartman* v. *Proudfit*, 6 Bosw., 192; *Buck* v. *Burt*, 18 N. Y., 337; *Counsel* v. *Vulture Mining Co.*, 5 Daly, 74.) The contract was not one of sale, but of exchange. (*Ely* v. *Cook*, 2 Hilt., 406, 420; *N. Y. C. Ins. Co.* v. *Nat. P. Ins. Co.*, 14 N. Y., 80; *McKnight* v. *Devlin*, 52 id., 399, 404; *Sherman* v. *Parish*, 53 id., 488; *Tisdale* v. *Morgan*, 7 Hun, 585.)

*Samuel Hand*, for the respondent. The inferiority of the iron delivered in 1870 is no defence to this action, because defendants accepted and used it. (*Reed* v. *Randall*, 29 N. Y., 358; *McCormick* v. *Sarson*, 45 id., 265; *Beck* v. *Sheldon*, 48 id., 365; *Dutchess Co.* v. *Harding*, 49 id., 321; *Gaylord Mfg. Co.* v. *Allen*, 53 id., 515.)

RAPALLO, J. The judgment appealed from is for two items. First, for $486.82, the amount of an overcharge in defendants' account for the year 1869. Second, for the sum

of $1,502.25 for old iron rails delivered to the defendants in 1870.

The allowance by the referee of the first item ($486.82) is not disputed on this appeal. The only questions raised relate to the second item of $1,502.25 for old rails.

As to this item the appellants make two points. They claim, first, that their agreement was to pay for the old rails in fish-joints, and that consequently a recovery could not be had for them in money, without proof of a demand of fish-joints and a refusal to deliver them. Secondly, that the plaintiff was not entitled to recover for the old rails delivered more than their market value.

The agreement under which the transactions took place was verbal, between Mr. Charlick, representing the Long Island Railroad Company, and Mr. Pratt, representing the defendants. As found by the referee, whose conclusions on controverted matters of fact must be the basis of our judgment, this agreement was that, in the year 1869, the Long Island Railroad Company agreed to deliver to the defendants old railroad iron at the price of fifty-one dollars per ton, and to receive in exchange therefor from the defendants fish-joints at the price of one dollar and sixty-five cents each.

These prices were conventional, and the referee so treated them. For the iron delivered to the extent of the fish-joints received, he set off one article against the other at the agreed prices. In this ruling we think he was right. The only troublesome question is whether for the excess of old rails delivered beyond the price of the fish-joints received, the plaintiff was entitled to recover in money, without some proof of a breach of the agreement to deliver fish-joints in exchange.

No such proof exists in the case. On the contrary, the findings of fact in this respect are that, by the agreement, it was not intended that the plaintiff should be required to pay cash for the joints, nor that the defendants should be required to pay cash for the iron, even though at times one article should be delivered in excess of the other. It is fur-

ther found as a fact that the shipment of iron, out of which the demand in suit arises, was not ordered by the defendants, nor any previous notice of the shipment given to them, and that, on its arrival, they immediately notified the plaintiff that they did not need the iron, but would receive and credit it to the plaintiff in the account on account of fish-joints—to which notice the plaintiff made no objection or dissent.

Under these findings, it is impossible to sustain the judgment. No breach of contract on the part of the defendants is shown. On the contrary, the referee finds that the defendants filled all the orders which the plaintiff made upon them for fish joints, and that the plaintiff did not at any time demand any fish-joints on account of the excessive shipment of iron which forms the subject of this action. The judgment seems to have been rendered on the ground that, as the plaintiffs had delivered iron, and the court could not order that it be paid for in fish-joints, they must necessarily adjudge that it be paid for in money at the market price of the iron. In so adjudging, the court made a contract which the defendants never assented to. If the defendants had refused to fill orders for fish-joints to the extent of iron delivered, they would of course have been liable in damages; but, in the absence of any such default on their part, I can see no just ground of recovery.

The judgment should be reversed and a new trial ordered, costs to abide the event, unless the plaintiff elects to reduce the recovery to the item of $486.82, with interest, in case of which election it will be affirmed without costs in this court, to either party.

All concur, except EARL and ANDREWS, JJ., not voting.

Judgment accordingly.