Kersey & Brownlee, for appellant.

Steele, St. John & Goldthait, for appellee.

---

## OLIVER ARMSTRONG V. ALFRED LAWSON.

*Real Estate—Growing Timber.*—In a sale of real estate a tree was reserved to the vendor *by parol*, with right to vendor to enter and remove it after conveyance : *Held* to be a mere revocable license.

Filed June 14, 1881.

Appeal from Tipton Circuit Court.

Opinion of the court by Mr. Justice Niblack.

Action by Alfred Lawson against Oliver Armstrong, commenced before a justice of the peace of Madison county.

An appeal was taken from the justice to the Madison Circuit Court.

By a change of venue the cause was transferred to the court below, where, upon a trial, there was a finding and judgment for the plaintiff for ten dollars.

The complaint charged that, on the 12th day of December, 1874, the plaintiff sold and conveyed to the defendant a tract of land for the sum of three hundred and thirty dollars, and in further consideration of a green white oak tree growing on the land, worth thirty dollars, which tree the plaintiff was to have the privilege of afterward cutting down and removing; that after the sale and conveyance of said tract of land, the defendant refused to permit the plain-

3

tiff to cut down and remove said tree, for which damages were demanded.

The deed which was read in evidence at the trial, was a warranty deed in the statutory form, purporting to be only in consideration of the sum of $333.33, without reservation as to anything growing upon, or connected with, the land conveyed by it.

The plaintiff testified that he sold the land, described in the deed, to the defendant in the latter part of the year 1874, in consideration of the sum of $333, and of a white oak tree, which was at the time growing upon the land, that the bargain was closed the day the deed was made, although the matter had been talked over for perhaps a week, before the terms were fully agreed upon; that no value was fixed upon the tree at the time, and that no instrument in writing, except the deed, passed between the parties concerning the sale of the land or the reservation of the tree; that on the 31st day of March 1875, the plaintiff taking with him some hired men, went to the land to cut down and remove the tree, but the defendant refused to permit him to do so, saying that if he had come for the tree before the first of March he might have had it, that the defendant further said that the tree then belonged to him, and that he would not then allow it to be cut down and removed; that the tree was worth twelve dollars.

There was other evidence concerning the refusal of the defendant to permit the tree to be cut down and removed, but it did not, in any manner, conflict with the testimony of the plaintiff upon that branch of the case.

The appellant argues that the evidence, a fair synopsis of which is given as above, did not sustain the finding of the court; that the alleged contract concerning the tree was only an attempted reservation of such tree at the time the land was conveyed, and that, as the contract was not in writing, it was not binding upon the parties.

On the other hand, the appellee maintains that, upon the doctrine of the case of *Heavilon* v. *Heavilon*, 29 Ind. 509, followed by that of *Harvey* v. *Million*, 67 Ind. 90, the contract for the reservation of the tree, testified to by the plaintiff, was a valid and obligatory contract upon the appellant.

It must, however, be borne in mind that the cases above named

have reference only to the annual products of the soil, and not to growing trees on the land, to such annual productions as are the fruit of industry, and not to such things as have perennial and permanent growth upon the soil.

The case of *Pea* v. *Pea*, 35 Ind. 387, also cited by the appellee, has reference to fixtures located, and not to permanent structures erected, upon land.

In the case of *Owen* v. *Lewis*, 46 Ind. 488, the distinction between trees growing permanently on land, and the annual productions of the soil, resulting from agricultural industry was elaborately and exhaustively considered.

The conclusion then reached was, and still is, well supported by authority, and the destinction oberved in that case between growing trees, which descend to the heir, and annual crops, which go to the executor, has a practical application to the case at bar.

In that case it was in effect held that a tree growing permanently upon land, constitutes a part of the land, and that a parol contract for the sale of such a tree passes no title to the tree which can be enforced by legal proceedings; that such a contract may amount to license to enter upon the land and cut down and remove the tree, but the license thereby granted is one which may be revoked at any time before the tree is cut down.

The evidence in this case tended to show that there was an agreement of some kind for the reservation of the tree in controversy to the appellee, but that no means were used to make the agreement a binding obligation upon the appellant.

The agreement testified to by the appellee, cannot be construed as having amounted to more than a license to enter upon the land, and to take away the tree in dispute, and as the license thus impliedly given, was unconnected with any interest in the property to which it related, it was revocable at any time before the purpose for which it was granted was accomplished.

The refusal of the appellant to permit the appellee to cut down and remove the tree, was a revocation of the license confined by the agreement of reservation, and left the appellee without any remedy on account of such revocation.

We are consequently constrained to hold that the finding of the court was not sustained by the evidence.

The judgment is reversed with costs, and the cause remanded for a new trial.

A. F. Shirts, George Shirts and J. W. Robinson, for appellant.

Chas L. Henry, for appellee.