## W. M. Darlington et al.

### v.

## Victor Fredenhagen, Jr.

1. Action—Pleading.—In order to recover in assumpsit against an agent or factor for negligence or other breach of duty the declaration must be special. Where the promise or agreement is not for the payment of money, but for the doing of some other matter or thing, the remedy for the breach is by action called a special assumpsit.

2. Practice—Intendment after verdict.—Where the case presented is merely one of a party stating one cause of action in his declaration and endeavoring to prove a wholly different one at the trial, the rule as to intendments after verdict does not go so far as to hold that the failure of the defendant to object to the plaintiff's evidence while it is being introduced estops him after verdict from insisting that the plaintiff has failed to prove his declaration.

3. Principal and agent—Reasonable diligence required.—It is not the law that the agent or factor is bound by law to exercise the utmost care and diligence in the business of his principal. The extent of his duty is to exercise reasonable care and diligence.

Appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding. Opinion filed January 27, 1886.

Messrs. Pedrick & Dawson, for appellants.

Mr. John H. Batten, Jr., for appellee.

Bailey P. J. This was a suit in assumpsit, the declaration consisting only of the common counts. The defendants pleaded non-assumpsit and filed with their plea a notice of set-off, and at the trial before the court and a jury, the plaintiff recovered a verdict and judgment for fifty dollars.

The evidence shows that in October, 1882, Fredenhagen, the plaintiff, consigned to the defendants, who were commission merchants in Chicago, two car loads of sheep and lambs and one bull, to be sold by them in the Chicago market. The plaintiff's evidence tended to show that the number of sheep

and lambs consigned were 180; but the evidence for the defendants shows very conclusively that only 162 were received by the defendants, one of which was dead. After the receipt of said consignment, the defendants advanced to the plaintiff the sum of $300 on account. The bull was sold for $39, and no question is made as to the fairness of that sale. The defendants, as their evidence seems to show, after repeated efforts to sell the sheep and lambs to the best advantage, succeeded in disposing of them for $242, so that the entire consignment, after deducting freight commissions and other charges, produced the net sum of only $222.02, being $77.98 less than the sum advanced by the defendants to the plaintiff.

The money realized by the defendants for such property being thus less than paid to the plaintiff, the only theory upon which the plaintiff seems to have based his right to recover was, that the defendants were guilty of negligence or breach of duty as his agents or factors. By way of showing that the defendants failed to use reasonable care and diligence in disposing of his property to the best advantage, the plaintiff gave evidence tending to show that on the day on which the sheep and lambs were sold, the current prices of the same grade of sheep and lambs in the Chicago market, was considerably higher than those obtained by the defendants. Beyond this there was no material evidence of negligence.

It is now urged that the verdict and judgment ·can not be sustained under the declaration. There can be no question that in order to recover in assumpsit against an agent or factor, for negligence or other breach of duty, the declaration must be special. The suit is not upon any promise or agreement, either express or implied, for the payment of money, but for the breach of an implied undertaking on the part of the defendants to use reasonable care and diligence in selling the plaintiff's property in the market to the best advantage. Where the promise or agreement is not for the payment of money, but for the doing of some other matter or thing, the remedy for the breach is by action called a special assumpsit. Spratt v. McKinney, 1 Bibb, 595; Myers v. Schemp, 67 Ill. 469.

No objection was urged at the trial to the admission of the plaintiff's evidence, and it is now insisted that the defect in the declaration is cured by verdict, or by force of the statute of amendments and jeofails. We are unable to see how the doctrine of intendments after verdict, either at common law or under the statute, can apply. There was no defect or omission in pleading, as the declaration stated with entire legal accuracy a good cause of action. The rule as to intendments after verdict is stated by Mr. Tidd as follows: "At common law, when anything is omitted in the declaration, though it be matter of substance, if it be such that, without proving it at the trial, the plaintiff could not have had a verdict, and there be a verdict for the plaintiff, such omission shall not arrest the judgment." 2 Tidd's Practice, 919. Mr. Chitty, speaking of the same rule, says: "The general principle upon which it depends appears to be that where there is any defect, imperfection or omission, in any pleading, whether in substance or form, which would have been a fatal objection on demurrer, yet, if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given, the verdict, such defect, imperfection or omission, is cured by the verdict." 1 Chitty's Plead. 705.

Nor do we think that the rule in its application to this case, is at all extended by the statute. That provides merely that judgment shall not be arrested or stayed after verdict for any mispleading or insufficient pleading. It needs no argument to show that a sufficient declaration upon which proper issues are taken, presents neither a case of insufficient pleading or mispleading.

The case then is merely one of a party stating one cause of action in his declaration, and endeavoring to prove a wholly different cause of action at the trial; and we are not aware that the rule has gone so far as to hold that the failure of the defendant to object to the plaintiff's evidence while it is being introduced, estops him, after verdict, from insisting that the plaintiff has failed to prove his declaration. This the

defendants did by their motion for a new trial on the ground that the verdict was against the evidence, and we think that for the reason above stated their motion should have been granted.

The court, at the instance of the plaintiff, gave to the jury the following, among other instructions:

"The jury are further instructed, that the law requires a factor or agent to exercise the utmost good faith, care and diligence toward his principal; and if he fails to do so, and any loss occurs by reason thereof, he will be liable for such loss to his principal."

This instruction was manifestly erroneous. It is not the law that an agent or factor is bound by law to exercise the utmost care and diligence in the business of his principal. The extent of his duty is to exercise reasonable care and diligence. Story on Agency, Sec. 186; Phillips v. Moir, 69 Ill. 155; Deshler v. Beers, 32 Id. 368.

Other instructions were given, it is true, in which the rule was laid down correctly, but as they were in direct conflict with the one above recited, the error can not be deemed to have been thereby cured. The evidence in the question of the defendants' care and diligence was conflicting, and the law should have been given to the jury with substantial accuracy. Instructions embodying propositions of law in conflict with each other could not have failed to mislead the jury.

For the foregoing errors the judgment will be reversed and the cause remanded.

Judgment reversed.