No. 13,563.

BAILEY ET AL. *v.* BRIANT.

CONVEYANCE.—*Pending Proceedings to Condemn.—Grantee Entitled to Damages Awarded.—Parol Reservation.—Evidence.*—A purchaser, to whom city lots are conveyed by warranty deed while a proceeding to condemn a portion thereof for street purposes is pending, is entitled to recover from the grantor any damages that may be awarded in the latter's name, and paid to him by the city by reason of the condemnation, and the grantor will not be permitted to prove by parol that he reserved the damages at a date prior to the execution of the deed.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellants.

*B. F. Ibach* and *J. G. Ibach,* for appellee.

COFFEY, J.—On the 3d day of January, 1883, the appellee conveyed to the appellants, by warranty deed, lots fifty-five and fifty-six in Louis Heitzfield's addition to the city of Huntington, Huntington county, Indiana.

At that time a proceeding was pending by the city of Huntington to condemn a portion of said lots for the purpose of widening Franklin street. Such proceedings were had as that, on the 24th day of September, 1883, sixteen feet off the north end of said lots was condemned and taken for street purposes, and $120 damages were awarded to the owners of the lots by reason of such condemnation. The money was paid over by the city treasurer to the appellee, and this suit is prosecuted by the appellants to recover the same.

On the trial of the cause the appellee testified in his own behalf. His counsel propounded to him the following question :

" State what agreement or conversation, if any, there was between you and the plaintiffs as to any amount of damages

which might be assessed upon the widening of the street on which these lots abut—as to who should receive the same?"

To this question the appellants objected, and stated to the court, as the reasons for such objection, that such agreement, if made, was merged in the deed; that the defendant could not reserve the land itself by parol, and that this was an attempt to contradict the deed. The court overruled the objection, and the appellants excepted.

The appellee then testified, in substance, that, while talking with appellants about the purchase and sale of the lots, he stated that the street was about being widened, and if. it were, it would take ten or fifteen feet of the lots; that he (witness) had lots on the other side of the street, and if the appellants wanted any damages he would not sell.

The appellants assigned this ruling of the court as a reason for a new trial, and now assign in this court as error the action of the circuit court in overruling their motion for a new trial.

There is a class of cases in which it is held that a parol reservation may be made, but they all relate to growing crops and trade fixtures, or such other articles as are not permanently attached to the land. *Heavilon* v. *Heavilon,* 29 Ind. 509; *Harvey* v. *Million,* 67 Ind. 90.

But the rule is never extended to such things as pertain to and form or constitute a permanent part of the realty. *Armstrong* v. *Lawson,* 73 Ind. 498.

At the date of the deed executed by the appellee to the appellants, the strip of land subsequently taken for a street constituted a part of the lots conveyed.

This strip undoubtedly passed by the deed to the appellants, and became their property. The condemnation took place long afterwards, and at the time the assessment of damages was made the property was the property of the appellants. It follows, we think, that the money paid for the use of this strip of land for the purpose of a street became the money of the appellants, and the appellee could not be per-

mitted to prove by parol that he reserved the same at a time prior to the date of the deed.

We are of the opinion that the court erred in admitting this evidence.

The appellee assigns as a cross-error that the court erred in overruling his demurrer to the complaint.

As we understand the argument of the appellee, it is, as the damages were assessed in his name, and as the appellants did not appeal, that, therefore, they can not recover in this action. However strong the argument might be when addressed to the complaint as a cause of action against the city treasurer who paid over the money to the appellee, we do not think it valid as to the cause of action stated against the appellee himself. It must be remembered that the proceedings were pending when the deed was made, and there could be no valid objection to permitting it to proceed to final determination in the name of the appellee; but that would give him no claim to the damages, if, during the pendency of the proceeding, he conveyed the land.

Of course, the appellants, having taken a conveyance during the pendency of the proceeding, were bound by the final condemnation, but that did not deprive them of compensation for their land taken for the purpose of widening the street. In our judgment the complaint states a good cause of action.

For the error of the court in receiving parol testimony of an agreement made prior to the execution of the deed as to the damages thereafter to be assessed, the judgment must be reversed.

Judgment reversed, at the costs of the appellee, with instructions to the circuit court to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed Feb. 20, 1889.