(26 Misc. Rep. 778.)

KINCH v. MOADINGER et al.

(Supreme Court, Appellate Term.   March 24, 1899.)

CONTRACT—CONSTRUCTION.
    A contract between two proprietors of livery stables for reciprocal use
    of their respective teams, as the exigencies of business of each should
    require, any balance thus arising to be discharged by the debtor furnish-
    ing further livery hire equal in value thereto, does not allow one of them,
    on retiring from business with a balance in his favor, to recover cash
    therefor, the other not being in default.

Appeal from municipal court, borough of Manhattan, Tenth dis-
trict.

Action by Charles A. Kinch against Charles F. Moadinger and
another.   From a judgment for defendants, plaintiff appeals.   Af-
firmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Isaac P. Coale, for appellant.
Norman A. Lawton, for respondents.

LEVENTRITT, J.   An agreement was entered into between the
parties, both proprietors of livery stables, providing for the recip-
rocal use of their respective horses and carriages as the exigencies
of the business of each should require.   Whatever balance of in-
debtedness should result from such mutual accommodation should
be discharged by the debtor furnishing further livery hire equal in
value to such balance.   No payment in money was contemplated.
That course of dealing was pursued during four years, the account
standing now in favor of the one, now in favor of the other.   The
differences were never liquidated.   Shortly after the expiration of
that period the plaintiff retired from business, claiming a balance in
his favor, arising from their mutual dealings, in the sum of $122,
for the recovery of which he brought this suit.   The defendants dis-
pute the amount, assert that the plaintiff is entitled to satisfaction
only by equivalent carriage hire, and plead an assigned counterclaim.
Upon the conflicting evidence introduced on these various issues,
the justice disallowed the counterclaim, but rendered judgment in
favor of the defendants, thus maintaining their version of the agree-
ment.

Since the defendants took no  appeal from the disallowance of
their counterclaim, there comes before us for disposition only the
point, contended for by the appellant, that inasmuch as his retire-
ment from business rendered payment in trade valueless, he became
entitled, notwithstanding the provisions of the contract, to demand
money.   This contention is not sound. . A party is bound by the
terms of his contract, and no satisfactory reason can be urged
against the enforcement of the condition under consideration.
Where the obligation of a party is to pay in specific articles, or in
specific services, and he is not in default, he cannot be compelled to
pay in money.   Battle v. Bank, 3 N. Y. 88; Burrall v. Jacot, 1 Barb.
165; Hunt v. Westervelt, 4 E. D. Smith, 225.   The plaintiff could re-

cover cash for the excess only upon proof of a breach of the agreement on the part of the defendants in their refusal to furnish carriage hire. Railroad Co. v. Verree, 69 N. Y. 486. There is no proof in the record that the defendants were not at all times willing to perform the terms of the agreement devolving on them. The plaintiff could not, by retiring from business, impose additional obligations on the defendants. That he placed himself in a position where strict performance became unprofitable is his misfortune, and he alone must bear the consequences. The judgment must therefore be affirmed.

Judgment affirmed, with costs to the respondents. All concur.