## BRICKER *v.* WHISLER.

[No. 9,322.    Filed November 1, 1917.]

1. APPEAL.—*Sufficiency of Evidence.—Scope of Review.—Presumptions.*—On appeal every presumption lies in favor of the successful party, and in determining the sufficiency of the evidence to support the judgment, the court will look only to the evidence most favorable to appellee. p. 497.

2. TROVER AND CONVERSION.—*Burden of Proof.*—The vendor in an action for the conversion of certain remains of a dismantled building claimed to have been reserved orally, has the burden of proving his allegations by proper evidence. p. 497.

3. TROVER AND CONVERSION. — *Judgment.* — *Evidence.* — *Sufficiency.*—Where a vendor of realty, alleging that he orally reserved a dismantled building located thereon, sued the vendee for the conversion of loose and detached parts of the building and of parts remaining affixed to the land, but failed to prove the value of the loose materials, a judgment in his favor for such detached parts could not be sustained. p. 497.

4. FRAUDS, STATUTE OF.—*Conveyance of Land.*—*Parol Reservation.*—As between grantor and grantee, the grantor cannot enforce a parol reservation of any part of the realty conveyed in his deed. p. 498.

5. FIXTURES. — *Nature of.* — *Manner of Annexation.* — *Adaptability.*—*Intention of Party Making Annexation.*—In determining whether property annexed to the freehold is personal or real property, the real or constructive annexation of the article, its adaptability to the use of the land to which it is attached, and the intention of the party making the annexation, are considerations of controlling influence. p. 498.

6. FIXTURES.—*Building.*—*Intention of Party Annexing to Land.* —Where an abandoned glass factory was intended at the time of its erection as a permanent building, and its physical connection with the land remained the same as when originally built, it became a part of the realty. pp. 499, 500.

7. FIXTURES.—*Between Vendor and Purchaser.*—*Separate Ownership of Building and Land.*—*Knowledge of Purchaser.*—*Annexation.*—Where a vendor of realty had subsequently to acquiring his title, purchased from a third person an abandoned glass factory located on the land, the fact that a separate ownership of building and land had existed and that part of the building had been removed by its former owner, was not controlling in determining, as between the vendor and his grantee, whether the building, which was annexed to the land, was real or personal property, especially where the grantee had no knowledge of the separate ownership. p. 499.

8. FIXTURES.—*Permanent Building.*—*Parol Reservation by Vendor.*—*Effect.*—A parol agreement between grantor and grantee, prior to, or contemporaneous with, a conveyance, to the effect that a part of a permanent building which is attached to and part of the freehold conveyed by the grantor is personal property will not make such property personalty which may be reserved orally, notwithstanding the vendor's written warranty of the freehold to the contrary. p. 500.

From the Marion Circuit Court (12,671); *Louis B. Ewbank,* Judge.

Action by John Whisler against George Bricker. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Tindall & Tindall* and *A. G. Cavins,* for appellant.

*John Lockeridge, Bachelder & Bachelder* and *Arthur C. Van Duyn,* for appellee.

HOTTEL, C. J.—This is an appeal from a judgment for $100, rendered against appellant by the Marion Circuit Court in an action brought by appellee before a justice of the peace of Hancock county, to recover damages for the alleged conversion of certain stone, bricks and building materials located on real estate in Hancock county, Indiana. The overruling of his motion for new trial is the only error assigned by appellant and relied on for reversal. The motion contains four grounds, but appellant in his brief asks this court to give its consideration to but one question, viz.: "May a grantor of real estate under a general warranty deed containing no reservation, by parol, reserve a building which was originally constructed as a permanent accession to the realty, and which is still annexed thereto in substantially the same manner as when originally built?"

It is claimed by appellant that this question is presented by those grounds of his motion for new trial which respectively challenge the verdict as not being sustained by sufficient evidence and as being contrary to law, that the law requires a negative answer to said question, and that such an answer will necessitate a reversal of the judgment below. As we gather appellee's contention from his briefs, he, in effect, concedes the correctness of the legal proposition for which appellant contends, and that it requires a negative answer to the question suggested, but insists that there was undisputed evidence showing that at least a part of the prop-

erty, claimed by appellee to have been appropriated by appellant, was personal property, and that there was some evidence from which the trial court might properly have inferred that all of said property was personal property; that for this reason said law question is not presented by the record, and that, there being no other question presented by appellant, the judgment below must be affirmed.

The evidence pertinent, and necessary, to a correct understanding of the questions thus presented is to the following effect: In 1908 appellee bought certain lots from one Forkner. Subsequently, and about two years before his sale and conveyance to appellant, he bought from one Cook what remained of a glass factory on these lots. Cook had bought this building, apart from the lots, and had removed parts of it. In October, 1912, appellee owned said lots and building. At that time the building had been so wrecked that only part of the frame thereof, the ground floor of fire brick laid in sand, part of a second floor of wood, and a stone foundation for a part of the second floor, and some stone piers for furnaces remained. The siding, roof, part of a second floor, the doors and windows and their frames had been removed. Part of the frame had been removed, or had fallen, and was on the ground. The greater part of the frame, however, was standing. Appellee testified that this frame was made up of 2x4, 2x8, and 4x4 timbers nailed together. The stone foundation for a part of the building remained practically intact, except that a few stones had fallen therefrom and were on the ground. There were several stone piers which had supported furnaces. These furnaces had been removed, and the piers were more or less broken down, and stones had fallen from them. Some of the witnesses testified that the building rested on sills of large timbers, that there were walls for these sills, and that

there were stone pillars set in the ground, the stones of which had been laid in mortar, and upon these pillars the posts of the building were placed. These facts were, however, denied by other witnesses, who testified that there was no foundation, but just posts set in the ground. It is uncontroverted, however, that the parts of the building then standing were fastened together and attached to the soil in the same manner, and were in the same condition as when originally erected. It also appears from the record that the structure was then practically in the same condition as when appellee bought it from Cook. There is evidence tending to show that the building had been erected about twelve years before the sale to appellant, that it had been abandoned as a factory about three years before such sale, and that Cook had removed parts of the building about two years before such sale. On October 16, 1912, appellee conveyed said land to appellant, by warranty deed, containing no mention of this structure, either by way of reservation or otherwise. Appellee, however, testified that he orally reserved all the materials on the premises, including all the frame of the building, except a part thereof eight feet by thirty feet, which contained 500 feet of lumber, that the part of the frame so reserved contained 5,000 feet of lumber, that the part not reserved was joined to that reserved by nails "and 2x8 stuff on top for floor." Appellant testified and introduced other evidence to the fact that there was no reservation of anything by appellee. The evidence showing the taking of the property claimed to have been reserved is to the effect that appellant hauled away stone, and that he was seen "hauling this material away." The record does not show specifically that any material, other than the frame standing at the time of the sale to appellant, and the stone foundation above referred to, was removed. The evidence on this point

refers generally to stone and to "material." All the evidence as to the value of material related generally to the material, there being no evidence of value as to any material separated from the building and lying on the ground, as distinct and separate from that remaining attached to the real estate.

The decision and judgment being for appellee, he has every presumption in his favor, and in determining whether said decision is sustained by sufficient evidence we must look alone to that most favorable to him. We think it clearly appears from the evidence that, while there may have been some brick and material which had been separated from said building, lying on the ground, there was no attempt on the part of appellee to prove the quantity or value of such material, separate and independent of that part of the building which remained attached to the real estate.

1.

While this court will search the record to affirm, and indulge every presumption in favor of the action of the trial court to avoid reversal, it cannot indulge presumptions wholly unsupported by the evidence. The burden was upon appellee to prove his case by proper evidence, and it clearly appears from the evidence upon the subject of values that the only theory upon which he made his case, and the only theory upon which the decision and judgment of the trial court could have been predicated, under the evidence, was that appellee was entitled to recover not only for that part of the material involved that was lying on the ground, separated from the real estate, but also for that part of the same which was attached to the real estate, and, because of the absence of any evidence as to the quantity or value of the material on the ground, separate from that attached to the real estate, there was no evidence upon

2.

3.

which a judgment for appellee in any amount for such separated material alone could rest. It follows, we think, that a correct disposition of this appeal requires us to determine the question suggested by appellant.

It cannot be seriously contended, and, as before indicated, is not, we think, contended by appellee, that, as between grantor and grantee, the grantor can

4.    enforce a parol reservation of any part of the real estate conveyed in his deed. As pertinent to this question, see *Bailey* v. *Briant* (1889), 117 Ind. 362, 363, 20 N. E. 278; *Armstrong* v. *Lawson* (1881), 73 Ind. 498; *Adams* v. *Tully* (1904), 164 Ind. 292, 294, 73 N. E. 595; *Owens* v. *Lewis* (1874), 46 Ind. 488, 15 Am. Rep. 295.

It follows also that, as incidental to the question presented by appellant, we must determine whether, under the evidence, that part of the property here in-

5.    volved which was standing on and attached to the real estate sold by appellee to appellant and conveyed by warranty deed was a part of the real estate so sold. In determining whether property annexed to the freehold is personal or real property, the following rules are of controlling influence: (1) Real or constructive annexation of the article in question to the freehold. (2) Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the party making the annexation to make the article a permanent accession to the freehold. *Binkley* v. *Forkner* (1889), 117 Ind. 176, 19 N. E. 753, 3 L. R. A. 33; *McFarlane* v. *Foley* (1901), 27 Ind. App. 484, 60 N. E. 357, 87 Am. St. 264; *White* v. *Cincinnati, etc., Railroad* (1904), 34 Ind. App. 287, 71 N. E. 276; *Dutton* v. *Ensley* (1898), 21 Ind. App. 46, 51 N. E. 380, 69 Am. St. 340; *Parker Land, etc., Co.* v. *Reddick* (1897), 18 Ind. App. 616, 47 N. E. 848.

The evidence shows without contradiction that the material and timbers here involved, which appellant claims were a part of the real estate conveyed to him, were in fact a part of a glass factory which had been erected on said real estate. There can be no doubt, under the evidence, that such factory building when originally built was intended as a permanent building, and that it became a part of the real estate on which it was located.

6.

Appellee, however, attaches importance to the fact that before appellant's purchase and deed there had been a separate ownership of the real estate and said building, during which period the owner of the building had torn part of it down and removed it, leaving only that part which is the subject of this controversy. Whether a case might arise in which such a state of facts would have a controlling influence in the determination of whether the property should be treated as real or personal property we need not and do not determine. It is sufficient, for the purposes of this case, to say that, so far as the evidence discloses, nothing appears from the separate ownership of the real estate and the building which showed that the building, other than that part which was torn down and separated from the real estate, was treated as personal property by the then owners, nor is there any evidence to show that appellant had any knowledge of such separate ownership or of its character. The evidence further shows that appellee bought the building, or what remained of it, and thereby combined in himself the ownership of both the ground and the building upon which it stood. He then sold and conveyed the real estate by warranty deed without express mention of said building, or any part thereof, by reservation or otherwise. It also appears from the uncontradicted evidence that when appellee conveyed said real estate

7.

to appellant the frame and timbers of said building remained standing on and attached to said real estate in substantially the same condition that they were in when appellee bought the building from Mr. Cook, and in substantially the same condition as when the building was erected. In other words, the evidence here shows that said glass factory when erected was intended as a permanent building, that it became and was part of the real estate to which it was attached, that at the time of its erection the material in controversy became a part thereof and hence a part of the real estate to which such building was attached, and when appellee sold said real estate to appellant there had been no change affecting the physical connection of said part of said building with the real estate to which it was originally attached, and of which it had become a part.

The question, therefore, which we are required to determine under the facts of this case, put in a form not materially different from that suggested by appellant, is: Will a parol agreement between grantor and grantee (prior to or contemporaneous with a conveyance) to the effect that a part of a permanent building which is attached to and part of the freehold conveyed by the grantor is personal property, in fact, make such property personalty, and allow its reservation by such grantor, notwithstanding his written warranty of the freehold to the contrary?

Appellee in effect insists that this question requires an affirmative answer, and in support of his contention cites the following cases: *Pea* v. *Pea* (1871), 35 Ind. 387; *Williams* v. *Frybarger* (1893), 9 Ind. App. 558, 37 N. E. 302; *Frederick* v. *Devol* (1860), 15 Ind. 357; *Rogers* v. *Cox* (1884), 96 Ind. 157, 49 Am. Rep. 152; *Young* v. *Baxter* (1876), 55 Ind. 188; *Harvey* v. *Million* (1879), 67 Ind. 90; *Heavilon* v. *Heavilon* (1868), 29

Ind. 509; *Carver* v. *Louthain* (1872), 38 Ind. 530; *Fitzer* v. *Fitzer* (1868), 29 Ind. 468. Of these cases, appellee specifically relies on *Pea* v. *Pea, supra,* and *Rogers* v. *Cox, supra.* The facts in each of these cases are easily distinguishable from the facts which we have indicated as controlling in the instant case. It is true, however, that there is some language used in these cases, especially in the case of *Rogers* v. *Cox, supra,* that lends support to appellee's contention, but in each case the court expressly so limits the question actually decided that it is not in conflict with the principles upon which our conclusion in this case is based. So an examination of each of the cases cited by appellee which are pertinent to the question involved will disclose that the facts upon which they rest show that the reservation involved was not one between grantor and grantee, or that such reservation related either to growing crops, trade fixtures or buildings such as saw mills and the like which are movable and of a quasi-personal character in the sense that the agreement and intent of the parties may be controlling in determining whether they should be treated as real estate or personal property. In none of them did the thing held to be susceptible of reservation constitute an essential part of a permanent building attached to and forming a part of the real estate.

While there is some conflict in the decided cases, we think few, if any of them, sustain appellee's contention, or will permit an affirmative answer to the question last suggested. On the contrary, we think the weight of authority supports a negative answer to said question. In support of this conclusion, see *Owens* v. *Lewis, supra; Armstrong* v. *Lawson, supra; Adams* v. *Tully, supra; Pea* v. *Pea, supra; Bailey* v. *Briant, supra; Binkley* v. *Forkner, supra; Meyers* v. *Schemp* (1873),

67 Ill. 469; *Gibbs* v. *Estey* (1860), 15 Gray (Mass.) 587; *Ford* v. *Cobb* (1859), 20 N. Y. 344.

We therefore conclude that the trial court erred in overruling appellant's motion for new trial, and for this reason the judgment below should be and is reversed, with instructions to the trial court to grant a new trial, and for such other proceedings as are consistent with this opinion.

NOTE.—Reported in 117 N. E. 550. Fixtures: agreements to prevent fixtures from becoming part of the realty, effect, 19 L. R. A. 441; tests for determining what are fixtures, 105 Am. St. 646. See under (2) 38 Cyc 2078; (3) 38 Cyc 2088; (4, 8) 19. Cyc 213; (5, 7) 19 Cyc 1036-1048.