Filed June 6, 1884.

---

No. 11,023.

## ROGERS v. COX.

CONTRACT.—*Sale of Building.*—*License to Remove.*—The sale of a building not permanently annexed to the land, with a right of removal, although the contract is verbal, justifies the purchaser, having complied with his part of the contract, in entering upon the land and removing the building.

SAME.—*License.*—The sale of personal property, by an owner of real estate, which can only be removed by entry thereon, thereby licenses the vendee to enter upon the land for the purpose of removal, and the license is irrevocable.

From the Henry Circuit Court.

*R. Warner, D. W. Chambers* and *J. S. Hedges,* for appellant. *J. M. Brown,* for appellee.

ELLIOTT, C. J.—The complaint of the appellant alleges that he is the owner of the land therein described, and that the appellee wrongfully entered upon it, and without right removed a large frame building.

The second paragraph of the answer alleges that the appellee bought the building of the appellant and entered on the land for the purpose of removing the building which he had purchased. A written contract is set forth showing the sale of the building to the appellee.

We regard this answer as sufficient. The appellant, having sold to the appellee property of which possession could only be obtained by an entry upon the land, impliedly licensed the latter to enter, and take possession of the property he had purchased. An owner of land, who sells property which can only be taken possession of by an entry on the land, can not deny the vendee's right to enter for that purpose. It would be a strange rule that would permit a man to sell property to another, and then prevent him from getting possession of it. The purchase of property, where the contract of sale is fully complied with by the vendee, vests in him a right which no subsequent act of the seller can take from him. The written contract set forth in this paragraph of the answer secured to the appellee a right to remove the building for which the appellant had accepted the stipulated price.

The third paragraph of the answer differs from the second in that it sets forth a verbal contract for the purchase of a building on the appellant's land, and avers that the latter had, as part of the contract, granted the appellee the right to remove the building. The answer is good because it justifies the alleged trespass by averring a parol license. It has been many times decided that a parol license is valid. There was an interest coupled with this parol license, which precluded the appellant from revoking it. *Buchanan* v. *Logansport, etc., R. W. Co.*, 71 Ind. 265, and cases cited. The rule upon this subject is this: where the license is coupled with an interest it can not be revoked, although a naked license may be. *Miller* v. *State*, 39 Ind. 267; *Snowden* v. *Wilas*, 19 Ind. 10; *Hodgson* v. *Jeffries*, 52 Ind. 334; *Nowlin* v. *Whipple*, 79

Ind. 481; *Kipp* v. *Coenen*, 55 Iowa, 63; *Lee* v. *McLeod*, 12 Nev. 280; *Long* v. *Buchanan*, 27 Md. 502.

The sale of a building with the right of removal is not necessarily the sale of an interest in land within the meaning of the statute of frauds. In *Foy* v. *Reddick*, 31 Ind. 414, replevin was held maintainable for a house. In *Griffin* v. *Ransdell*, 71 Ind. 440, it was said: "A dwelling-house, although situated on the real estate of another, may, under some circumstances, be treated as personal property." It has been held by this court that an agreement made before the building is erected may make the structure personal property, and vest in the builder the right of removal. *Yater* v. *Mullen*, 23 Ind. 562; *Yater* v. *Mullen*, 24 Ind. 277; *Pea* v. *Pea*, 35 Ind. 387; *Young* v. *Baxter*, 55 Ind. 188; *Price* v. *Malott*, 85 Ind. 266; *Taylor* v. *Watkins*, 62 Ind. 511. A recent author says: "But if such erection is in pursuance of a license granted by the owner of the soil, then the annexation will not make the building or other structure a part of the realty. A conveyance of the land will not transfer the structure with it, but will operate as a revocation of the license, and compel the owner, within a reasonable time after such revocation, to remove the structure or lose his right of property therein." Tiedeman Real Prop., section 2. If a building may be made personal property by an agreement entered into previous to its erection, it is difficult to see why the same character may not be impressed upon it by a subsequent agreement making sale of it and granting a right of removal. If the building should be torn down by the owner and the materials sold, it is clear that the sale would be of personal property and not of an interest in land, and we can perceive no reason for holding that a standing building is real estate, but after it has been demolished the material of which it was composed becomes personal property. *Keyser* v. *School District*, 35 N. H. 477. The reasonable doctrine is that where the effect of the contract between the parties is to impress upon the structure the character of personalty, it takes that character whether

the contract was made before or after its erection, unless the structure is inseparably annexed to the land. Mr. Browne inclines to the view which we regard as the just one, for he writes: "Although the improvements put upon land, such as buildings and other erections, tillage and labor generally, may be so incorporated with the land itself as to be inseparable therefrom in fact, yet it would seem that they ought to be so far separately regarded as to be capable of a distinct purchase and sale by verbal contract." Browne Stat. of Frauds, section 233.

We are not to be understood as holding that the sale of a right or interest in a building may not be a sale of real estate. On the contrary, we have no doubt that where the house is to permanently remain on the land, then a sale of a right in it would be a sale of an interest in land within the meaning of the statute of frauds, if made by the owner of the land, though it would perhaps be otherwise if made by a tenant or licensee. But where the owner sells a building with the right of removal, he severs it from the land, and gives it the character of personalty; and, in impressing this character upon it, he takes it without the statute as effectually as if he had torn it down and sold the materials of which it was composed.

We need not decide what would be the rule in a case where it was made to appear that the structure was permanently annexed to the land. No such case is made by this record. The building is described in the complaint as a large frame building, and, for aught that appears, may not have been permanently annexed to the freehold. The fair inference is that it was not so annexed, because it was sold as personalty, and a license granted to remove it. The clear implication, therefore, is that it belonged to that class of buildings, as saw-mills and the like, which are easily susceptible of severance from the land on which they stand. It may be true that the word "house," in its ordinary legal meaning, signifies real property, but this meaning is by no means a fixed one. *Rogers* v. *Smith*, 4 Pa. St. 93; *Common Council* v. *State*, 5 Ind. 334; *Griffin* v. *Rans-*

*dell, supra.* But the complaint in this case does not show that the structure sold by the appellant was a house, or structure, of a permanent character. It may have been a frame building of the most temporary character, as a booth, a shed, or the like, and we think there can be no doubt that parties may treat a structure of such a character as personal property, whether the contract impressing that character upon it is made before or after its erection. The cases do indeed go much farther, and lay down the rule in very broad and comprehensive terms. *State, ex rel.,* v. *Bonham,* 18 Ind. 231; *Hinckley* v. *Baxter,* 13 Allen, 139; *Ham* v. *Kendall,* 111 Mass. 297; *Russell* v. *Richards,* 10 Maine, 429; *Tapley* v. *Smith,* 18 Maine, 12; *Pullen* v. *Bell,* 40 Maine, 314; *Keyser* v. *School District, supra; Coleman* v. *Lewis,* 27 Pa. St. 291. But all we are required to decide, and all we do decide upon this branch of the case, is, that where the building is not a permanent one and is not annexed to the freehold, and is sold with a right of removal, the contract, although verbal, will justify the purchaser, if he has fully complied with his contract, in entering and removing the building.

If there was any error in instruction No. 2 given by the court, it was in appellant's favor. A purchaser of a building, such as the evidence shows the one in controversy to be, has a right to remove it whether he was or was not in possession of the land at the time the purchase was made or the removal effected. It is a familiar elementary rule, that the grant of a principal thing carries with it all incidents, and under this rule the sale of a building standing on land necessarily implies a right to enter on the land and take the building. In *Sterling* v. *Warden,* 51 N. H. 217, it was said: " There are licenses which are irrevocable, though they relate to an entry upon and the occupation of land or real estate, and are by parol; as where, for instance, the license is directly connected with the title to personal property which the licensee acquires from the licenser at the time the license is given, where-

by the license is coupled with an interest. Thus, where one sells personal chattels on his own land, and, before a reasonable time to remove them, forbids the purchaser to enter and take them, it was held to be a license which he could not revoke within such reasonable time. *Nettleton* v. *Sikes*, 8 Met. 34; *Wood* v. *Manley*, 11 Ad. & E. 34; *Parsons* v. *Camp*, 11 Conn. 525; *White* v. *Elwell*, 48 Maine, 360; 1 Washb. Real Prop. 401." It is a principle recognized in various forms that a right to do a thing upon another's land invests, by necessary implication, the person to whom it is granted with authority to enter and use the land so far as is reasonably necessary to effectuate the principal right. *Harlow* v. *Marquette, etc., R. R. Co.*, 41 Mich. 336; *Arrington* v. *Larrabee*, 10 Cush. 512.

