Filed March 31, 1893.

———————◆———————

No. 15,845.

THE INDIANAPOLIS, DECATUR AND WESTERN RAILWAY COMPANY v. THE FIRST NATIONAL BANK OF INDIANAPOLIS.

RENT.—*When Due.—Action for.—Tenancy from Year to Year.—What Constitutes Such a Tenancy.—Sufficiency of Complaint.—Landlord and Tenant.*—Where one holds as a tenant without a contract as to the duration of the tenancy, he is a tenant from year to year; and, under such a tenancy, where action is brought to recover accrued rent before the expiration of the year, and the complaint does not allege an agreement or a custom from which it appears that the rent was due when the suit was commenced, the complaint is insufficient; for, under such a tenancy, in the absence of a special agreement or custom to the contrary, rent is not due until the end of the year.

REAL ESTATE.—*When Building a Part of.—When Personalty.*—Where a building is erected, *prima facie*, it is a part of the land upon which it stands, and in order to rebut this presumption of law, a state of facts must be shown which will take it out of the general rule.

From the Marion Circuit Court.

*H. Crawford* and *R. B. F. Peirce*, for appellant.

*R. N. Lamb, R. Hill, S. Claypool* and *W. A. Ketcham*, for appellee.

HACKNEY, J.—The appellee sued the appellant, alleging the ownership of a certain grain elevator and attachments, "fixtures and appurtenances thereto belonging, situated upon the following described real estate in Marion county, Indiana, to wit: All that part of Block No. (5) five, in Holmes' West End Addition to the city of Indianapolis, which lies and is situated south of the main track and side tracks of the said defendant, as the same were located by its predecessor, the Indianapolis, Decatur and Springfield Railway Company, on the 21st day of October, 1880."

It is further alleged that the defendant, "by and with the consent and agreement of the plaintiff, has been in the use and occupation of said elevator" since the 10th day of May, 1888, and "has from time to time agreed to pay the reasonable rental value thereof." The reasonable rental value of the property is alleged to be three hundred dollars per month. And it is further alleged "that although the defendant has occupied said property during said period, and ought to have paid to the plaintiff the rental value thereof, to wit, the sum of three hundred dollars per month, yet the said defendant has wholly failed and neglected so to do, although it has, as aforesaid, repeatedly agreed to pay the rental value of said premises, it now refuses to pay the same." There was a demand for two thousand dollars.

The cross-complaint of the appellant denies appellee's ownership in said property, and alleges, that mortgages were executed by the Indianapolis, Decatur and Springfield Railway Company upon all of its property, including the real estate upon which said elevator is erected; that said

elevator is so attached to said real estate that it has become a part thereof, and is immovable; that said mortgages were foreclosed, the property included therein was sold, and the appellant became the owner thereof, etc., etc. Issue was joined upon the cross-complaint, by alleging a contract under which the said Indianapolis, Decatur and Springfield Railway Company granted the right to build said elevator upon said real estate, and by which said elevator was to be and remain personal property, and held to have never attached to the real estate.

We recite the issue made by the cross-complaint, and the answer thereto, as showing jurisdiction in this court, and not for the purpose of passing upon such issue.

The sufficiency of the complaint, to which a demurrer was overruled and exception taken in the lower court, is questioned by the appellant, and it is upon this question that our decision rests.

The appellant insists that the complaint proceeds upon the theory of an action for the recovery of rents for the use and occupation of real estate, while the appellee contends that, "having averred in the complaint that the elevator building built on appellant's ground was appellee's property, it was proper for appellee, and incumbent on it, to introduce any evidence tending to show the agreement under which the elevator building was built, and how it became the personal property of appellee, while the real estate remained the property of appellant."

Our liberal quotations from the complaint were to develop the error of the appellee in its contention that the complaint averred "that the elevator building was built on appellant's ground."

The allegation is that appellee owns the elevator situated upon the part of Block No. 5 described.

When a building is erected, *prima facie*, it is a part of

130    SUPREME COURT OF INDIANA,

The Indianapolis, Decatur, etc., Ry. Co. *v.* First National Bank, etc.

the land upon which it stands, and, in order to rebut the presumption of law, a state of facts must be shown to take it out of the operation of the general rule. *Motzon* v. *Griffin*, 78 Ill. 477; *Dooley* v. *Crist*, 25 Ill. 453; *Chatterton* v. *Saul*, 16 Ill. 149; *Madigan* v. *McCarthy*, 108 Mass. 376.

In *Endsley* v. *State*, 76 Ind. 467, this court held sufficient a criminal information which charged the unlawful, violent, and forcible detention of a "dwelling-house." The decision and the cases cited upon which it rests, place the holding upon the rule that such a structure necessarily partakes of the character of real estate.

The case of *Common Council of City of Richmond* v. *State, ex rel.*, 5 Ind. 334, observes the same rule in holding that the devise of the rents of a "brick house" carried the rents of not only that part of the lot on which the house stood, but of the whole lot.

The case of *Chatterton* v. *Saul, supra*, was an action of replevin for a steam saw-mill building, fixtures, and machinery situated upon a tract of land described. There was no allegation as to the ownership of the real estate, and no facts shown to distinguish the mill from the soil as personalty or movable fixtures. The complaint was held insufficient.

By the grant of a *mill*, the land under the mill and the land adjacent thereto pass by implication. *Forbush* v. *Lombard*, 13 Met. (Mass.) 109.

A conveyance of "a certain tenement, being one-half of a corn-mill, situated in Washington, in lot 1, with all the privileges and appurtenances," carries not only the mill but the land on which it is situated. *Gibson* v. *Brockway*, 8 N. H. 465.

A deed describing the property as "the store house wherein A. B. had a store, now occupied by him as a

post-office, with the out-house and office adjoining," was held to convey also the lot on which the houses were situated, there being nothing in the description to exclude the lot. *Wise* v. *Wheeler*, 6 Ired. 196.

Where land was conveyed with all of the buildings "except the brick factory," it was ruled that the land on which the factory stood was excepted also. *Allen* v. *Scott*, 21 Pick. 25.

The devise of a "mill and appurtenances" includes not only the buildings but the lands under and adjoining the mill which are necessary to the use of the mill. *Whitney* v. *Olney*, 3 Mason (U. S.), 280.

The sale of a "bridge" across a stream, "together with the houses and all the privileges and appurtenances thereunto belonging," passes the land upon which the bridge rests. *Sparks* v. *Hess*, 15 Cal. 186.

The theory of the complaint, as we must hold, is that the action is for the recovery of rents for real estate from one occupying as a tenant. Measuring the complaint by its own allegations, and leaving out of view the personal property feature of the case as made by the answer to the cross-complaint, we can not, under the authorities cited, reach the conclusion contended for by the appellee, that the complaint is for the use of personal property. However, we do not decide that the allegations of the complaint are sufficient to show that the relation of landlord and tenant existed between the appellee and the appellant. Upon this question, we entertain grave doubts. But, treating the complaint as proceeding upon the theory we have stated, it is urged that the complaint is bad in alleging no contract, express or implied, for the duration of appellant's holding, or a custom or contract for the maturity of rents.

One holding as a tenant without a contract as to the duration of the tenancy, is a tenant from year to year.

R. S. 1881, section 5208; *Coomler* v. *Hefner*, 86 Ind. 108; *Rothschild* v. *Williamson*, 83 Ind. 387; *Ross* v. *Schneider*, 30 Ind. 423; *Swan* v. *Clark, Guar.*, 80 Ind. 57.

If the appellant must be treated, under the allegations of the complaint, as a tenant from year to year, its term began May 10, 1888, and extended to May 10, 1889.

This suit was instituted on the third day of November, 1888, before the expiration of the first half of the term. Was there a cause of action, complete and present, when the complaint was filed? We think this question must be answered in the negative. If there is no custom or agreement to the contrary, rent is not due until the end of the term. 1 Woodfall's Landlord and Tenant, sections 394, 395; *Monough's Appeal*, 5 W. & S. (Pa.) 432; *Duryee* v. *Turner*, 20 Mo. App. 34; *Ridgley* v. *Stillwell*, 27 Mo. 128 (134); *Boyd* v. *McCombs*, 4 Pa. St. 146; *Bordman* v. *Osborn*, 23 Pick. (Mass.) 295 (299); *Cole* v. *Sury*, — Latch, 264; *Gray* v. *Chamberlain*, 4 C. & P. 260; *Coomber* v. *Howard*, 1 C. B. 440; *Edwards* v. *Clemons*, 24 Wend. 480 (484); Sloane on Landlord and Tenant., p. 51; *Elmer* v. *Sand Creek Tp.*, 38 Ind. 56.

Many of these cases hold, and we think correctly, that in a tenancy from year to year, the rent is payable at the end of the year, unless a different rule is made to govern by usage or agreement. This rule is expressly held in *Elmer* v. *Sand Creek Tp.*, *supra*. In that case the court remarked that if the complaint, in other respects like the one in review here, had alleged that the amount claimed was *due*, it would have been sufficient, citing *Allen* v. *Patterson*, 3 Seld. 476.

That remark was not essential to the decision of the question then before the court, and we have examined the case cited in its support. In the case there cited, the suit was for goods sold and delivered on a contract in its nature fully performed and completed, and it has been

cited as authority in like cases, in *Hurst* v. *Litchfield*, 39 N. Y. 370; *Hosley* v. *Black*, 28 N. Y. 438, and *Farron* v. *Sherwood*, 17 N. Y. 227, but it is nowhere accepted as authority where the suit is a contract not completed or fully performed. *Elmer* v. *Sand Creek Tp.*, *supra*, may not, therefore, be accepted as holding a different rule from that here followed.

The complaint under investigation does not allege an agreement or a custom, from which it appears that the rent was due when the suit was commenced, and is therefore defective.

The judgment of the court below is reversed, with instructions to sustain the appellant's demurrer to the appellee's complaint.

Filed March 9, 1893.