Filed Feb. 21, 1895.

———————◆———————

No. 17,027.

POLSON *v.* POLSON.

DIVORCE.—*Residence, Allegations as to.—Sufficiency of.*—In an action for divorce, allegations as to residence, of the following tenor, are sufficient: "That plaintiff is now, and has for more than two years last past been, a *bona fide* resident of the State of Indiana, and for more than six months last past a *bona fide* resident of the county of Allen."

SAME.—*Infamous Crime, When Sufficiently Apparent Without Being Alleged.*—Where the complaint in such action alleged that the defendant "was convicted of the crime of rape upon a little girl, daughter of plaintiff," the infamy of such crime is sufficiently apparent without being alleged.

SAME.—*Complaint, Sufficiency of.*—The complaint in such action is sufficient if it allege one ground for divorce.

SAME.—*Condonation.*—That the evidence does not show condonation on the part of the plaintiff, see opinion.

From the Allen Superior Court.

*S. M. Hench,* for appellant.

*A. H. Bittinger,* for appellee.

HOWARD, J.—The appellee was granted a divorce from the appellant.

The complaint is attacked here for the first time.

It is first contended that it does not appear from the complaint that at the time of the filing of the same, the appellee was and had been for two years previous there-

to, a *bona fide* resident of the State, or that she was then, and had been for six months immediately prior thereto, a *bona fide* resident of Allen county.

The allegations as to residence were as follows: "That the plaintiff is now, and has been, for more than two years last past, a *bona fide* resident of the State of Indiana, and for more than six months last past a *bona fide* resident of the county of Allen."

This seems sufficient under the statute, and counsel has pointed out no reason why it should not be so considered.

It is alleged in the complaint that on the 16th day of June, 1892, in the Allen Circuit Court, the appellant "was convicted of the crime of rape upon a little girl, the daughter of plaintiff." Counsel insists that this is insufficient, as it is not alleged that the crime was infamous. It would seem that the infamy were sufficiently apparent.

Webster gives as the synonyms of infamous: "Detestable, odious, scandalous, disgraceful, base, vile, shameful, ignominious"; all of which epithets might properly be applied to the crime of rape upon a little girl by its own stepfather.

The seventh cause for divorce, as set out in section 1044, R. S. 1894 (section 1032, R. S. 1881), is: "The conviction, subsequent to the marriage, in any country, of either party, of an infamous crime." While the allegation might well have been made in the words of the statute; yet even the statute itself requires that, "in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed." Section 379, R. S. 1894 (section 376, R. S. 1881).

Even in criminal procedure the words of the statute need not be strictly pursued. Section 1806, R. S. 1894

(section 1737, R. S. 1881). It is very clear that rape is an infamous crime.

The meaning of the allegation in this case was even more evident than if the general words of the statute had been used, and the appellant did not thereby suffer any harm; he was not left in doubt as to the charge made against him.

But even if the allegation as to rape were insufficient, the complaint also charges that the appellant, in "December, 1891, and various times before and after said date," committed adultery with the daughter of the appellee. The complaint was sufficient.

In arguing that the evidence does not support the finding, as also in discussing the sufficiency of the complaint, counsel contends, "That the party who desires to obtain a divorce on the ground that the other party has been convicted of an infamous crime, has no right, under the laws of this State, to commence the action until the year has expired giving the convicted party the right to appeal."

As this action was begun within less than a year from the alleged conviction of appellant, it is therefore plausibly urged that the evidence given in this case, showing that the appellant was confined in the penitentiary, is not sufficient to prove that he had been convicted of an infamous crime; inasmuch as he might, within the year, appeal, have the sentence against him reversed, and so establish his innocence.

The position here assumed by counsel seems a novel one. He has cited no authorities to support him. Moreover, it does not appear that the question was brought to the attention of the court below.

However that may be, there could be no reversal of the judgment in this case for the reason thus urged by counsel. The complaint, as we have seen, charged adultery,

and that offense was fully proved. Whatever the reason, therefore, why appellant was in the State prison, or whether he was rightfully convicted of an infamous crime, can make no difference here. Sufficient other statutory cause for divorce was alleged in the complaint and proved on the trial.

Counsel finally contends that the evidence shows condonation by the appellee of the acts of adultery charged and proved against appellant. We have carefully read the evidence on this point, and are of opinion that there is evidence sufficient to support the finding of the court that there was no condonation.

"Condonation," as quoted by counsel from *Campbell v. Campbell*, 3 Jurist N. S. 846, "is connubial intercourse, with full knowledge of all the facts."

While appellee undoubtedly had some knowledge of her husband's offense before she separated from him, yet she did not have full knowledge of all the facts. She says: "It was only hearsay. I didn't know it to be the truth, for I didn't think it of him." That she retained confidence in her husband, and refused to condemn him on the first report of his guilt, ought not to be treasured up against her. She says: "I didn't know it. I didn't think it of him." That she became convinced next day and had him at once arrested, rather corroborates her than otherwise.

"Condonation," says Mr. Biship, "is not so easily inferred, and is not so strict a bar against the wife as against the husband. She has not the same control over her husband that he has over her. She may find a difficulty in separating herself from him. She may submit to necessity. It is too hard to term such submission mere hypocrisy." 2 Marriage, Divorce and Separation, section 284.

We think the case was fairly heard and decided according to the evidence.

The judgment is affirmed.

Filed Jan. 15, 1895.