## ADAMS *v.* TULLY.

[No. 20,544.   Filed February 24, 1905.]

1. LANDLORD AND TENANT. — *House.* — *Replevin.* — Where a tenant leases or rents real estate with an agreement that he may erect a house thereon and have six months after his tenancy expires to remove such house, he may maintain replevin therefor against the landlord's grantee, who claims the same as a part of the realty.   p. 293.

2. PLEADING.—*Complaint.*—*Replevin.*—*House.*—A complaint in replevin for a house must allege that such house is personal property. p. 293.

3. SAME.—*Construction for Justice.*—A pleading will be construed liberally towards the securing of justice.   p. 293.

4. DEEDS.—*Reservations.*—*House.*—Where a landlord's grantee knows that a house on the real estate purchased belongs to the tenant, and he agrees to the contract between the landlord and tenant, it is not necessary that a reservation of such tenant's rights should be made in the deed.   p. 294.

5. LANDLORD AND TENANT.—*House.*—*Removal After Tenancy Expires.* —A tenant may remove a house erected on rented land after his term has expired, where he has such an agreement, and without any agreement therefor he has a reasonable time after such expiration in which to remove.   p. 294.

From Kosciusko Circuit Court; *Arthur F. Biggs,* Special Judge.

Action by Adam Tully against Jeremiah Adams.   From a judgment for plaintiff, defendant appeals.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Andrew G. Wood* and *Francis E. Bowser,* for appellant. *John D. Widaman,* for appellee.

MONKS, J.—This was an action brought by appellee against appellant to recover possession of personal property. A trial of the cause resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee.

The errors assigned call in question the action of the court in overruling the demurrer to the complaint and the motion for a new trial.

It is alleged in the complaint that appellee "is the owner and entitled to the immediate possession of the following personal property, to wit, one dwelling-house, one and one-half stories high, twenty-six feet long by eighteen feet wide, with summer kitchen attached, twelve feet long by ten feet wide, situate on the north, eighteen and seventy-five hundredths acres off the north side of the southeast fractional quarter of section seven, township thirty-one north, range six east; said house being located about twenty rods from the west line of said section, and near the north line of said described land; said house being of the value of $300, of which the defendant has possession without right, and unlawfully detains from the plaintiff, whereby he is damaged in the sum of $100."

1.    The only objection urged against the complaint is that the dwelling-house described in the complaint is *prima facie* real estate, for which an action of replevin can not be maintained.    It is true that *prima facie* a building is real esstate, and belongs to the owner of the land upon which it stands.    *Indianapolis, etc., R. Co. v. First Nat. Bank* (1893), 134 Ind. 127, 129, 130, and cases cited.    But if it was the intention of the parties to regard the building as personal property when it was placed on the land, it will be so regarded by the law, and replevin will lie to recover a building under such circumstances.    Cobbey, Replevin (2d ed.), §§364, 365; Wells, Replevin, §61; *Rogers v. Cox* (1884), 96 Ind. 157, 159, 161, 49 Am. Rep. 152, and cases cited; *Chatterton v. Saul* (1854), 16 Ill. 149, 151.

2.    The complaint to recover possession of a dwelling-house, to be sufficient, must aver that it is personal property.    Shinn, Replevin, §342(m); Cobbey, Replevin (2d ed.), §555; Wells, Replevin, §66; 18 Ency. Pl. and Pr., 514, note 5.

3.    It was averred in the complaint that the building described was personal property, and this was sufficient to overcome the presumption that it was real estate.    Section

379 Burns 1901, §376 R. S. 1881 and Horner 1901, requires that for the purpose of determining the effect of a pleading its allegations shall be liberally construed, with a view to substantial justice between the parties. *Polson* v. *Polson* (1895), 140 Ind. 310; *Stone* v. *State, ex rel.* (1881), 75 Ind. 235; 2 Woollen, Trial Proc., §2997; Pomeroy, Code Remedies (4th ed.), §§440 (546), 441 (547). The complaint was sufficient to withstand the demurrer.

It is next insisted that the verdict is not sustained by sufficient evidence and is contrary to law. In determining this question, we are only required to consider the evidence which sustained the verdict. The evidence shows that it was the intention of appellee and Swihart, who owned the land when said house was built, that the same should be personal property, and be the property of appellee, and that he should have the right to do what he pleased with it. Under such circumstances, a dwelling-house is personal property, and not real estate. Cobbey, Replevin (2d ed.), §§364, 365; *Chatterton* v. *Saul, supra; Rogers* v. *Cox, supra.*

4. Appellant, when he bought said real estate, and when he received the deed, had notice that the house in controversy was personal property, and that it was in the possession of and owned by appellee; and appellant agreed that if he did not purchase the house appellee might have six months in which to move it off of the land. After he received the deed, he would not permit appellee to move the house, and gave as a reason therefor that, as no reservation had been made in the deed, the house was his. Such a reservation in the deed or other written instrument may have been necessary if the house had been the property of Swihart, the grantor, to entitle him to remove the house, but no such rule applies when the house, as in this case, belongs to a third party. *Rogers* v. *Cox, supra.*

5. Appellant insists, however, that even if appellee was the owner of said house he could not remove it "after the

expiration of his tenancy;" citing *Hedderich* v. *Smith* (1885), 103 Ind. 203, 53 Am. Rep. 509. In that case it was held that the tenant might remove a building erected on the leasehold for its better enjoyment, after his right of enjoyment ended, if that right was reserved by agreement with the landlord. Under the evidence it is clear that, at the time the sale of the land was made to appellant, as between Swihart, the landowner, and appellee, the house was the property of the latter, and he then had the right to remove it from the land; and as appellant agreed, as a part of the consideration for the land, to permit appellee to move the house within six months, he can not prevent the removal within the time named. But even if there had been no such agreement by appellant, appellee had a reasonable time after the conveyance to remove the house. *Rogers* v. *Cox, supra.*

It is evident that if the rule declared in *Hedderich* v. *Smith, supra,* applies here—a question we do not decide—appellee had the right to remove said house within the six months allowed by appellant. Appellant refused to permit the removal of the house, and the commencement of this action was within the six months.

Judgment affirmed.