GINTHER v. ROCHESTER IMPROVEMENT COMPANY.

[No. 6,870. Filed October 11, 1910.]

1. APPEAL.—*Assignments of Errors.*—*Carrying Back Demurrer and Sustaining to Complaint.*—A demurrer to an answer tests the sufficiency of the complaint; but to present the sufficiency of the complaint on appeal the assignment must specifically state that the court erred in failing to carry back and sustain the demurrer to the complaint. p. 380.

2. PLEADING.—*Demurrer to Answer.*—*Form of.*—A demurrer to an answer, alleging that such answer is insufficient "for the reason that neither [paragraph of answer] states facts sufficient to constitute a cause of action," is not sufficient. p. 380.

3. PLEADING.—*Demurrer.*— *Defective.*— *Overruling.*— *Appeal.*— It does not constitute reversible error to sustain a defective demurrer to a bad answer. p. 381.

4. APPEAL.—*Briefs.*—*Waiver.*—Where a brief sets out certain objections to an answer, other objections are waived. p. 381.

5. APPEAL.—*Assignments of Errors.*—*Sustaining Demurrer to Answer.*—*Failure of Trial Court to Rule.*—An assignment that the court erred in sustaining appellee's demurrer to the seventh paragraph of appellant's answer, presents no question, where a demurrer thereto was sustained and appellee filed an amended paragraph to which a demurrer was filed, but on which no ruling was made. p. 381.

6. TRIAL.— *Special Findings.*— *Evidentiary Facts.*— Evidentiary facts contained in a special finding will be eliminated; but if sufficient facts remain to uphold the conclusions of law they will be sustained. p. 384.

7. TRIAL.—*Special Findings.*—*Omissions.*— *Presumptions.*— Where the special findings omit any facts set out in a certain paragraph of answer, the presumption is that such facts were not established. p. 385.

8. VENDOR AND PURCHASER.—*Sales of Lots.*—*Lotteries.*—*Defense.*— Where the purchasers of lots arrange for the distribution thereof

by lot, but the vendor takes no part therein, such purchasers cannot defend against the payment of the purchase price because of such distribution by lot. p. 385.

9. TRIAL.—*Motion for a Venire de Novo.—Defective Verdict.*—A motion for a *venire de novo*, because of a defective verdict, or a defective special finding, can be sustained only when such verdict, or finding, is so uncertain, or ambiguous, that no judgment can be founded thereon. p. 385.

10. APPEAL.—*Weighing Evidence.*—Where there is some evidence to sustain the material facts in a case, the decision below will be sustained. p. 386.

11. VENDOR AND PURCHASER.— *Contracts.— General Allegation of Performance.—Complaint.—Motion in Arrest.*—In an action to enforce a contract for the purchase of land, a complaint alleging that the plaintiff company "has complied with all the obligations resting upon it under said contract," is sufficient as against a motion in arrest of judgment, the facts alleged being sufficient to bar another action, and the defect being capable of supply by proof. p. 386.

12. VENDOR AND PURCHASER. — *Payments. — Action to Recover Amount Due.—Tender of Deed.—Complaint.*—In an action to recover certain payments already due under a contract for the purchase of real estate, it is not necessary for the vendor to tender a deed, a deed being demandable under the contract only upon full payment. p. 387.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by the Rochester Improvement Company against David D. Ginther. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*I. Conner, Julius Rowley* and *Floyd J. Mattice,* for appellant.

*G. W. Holman* and *R. C. Stephenson,* for appellee.

MYERS, J.—This was an action by appellee against appellant, seeking to recover a money judgment growing out of a transaction between appellant and appellee, wherein appellant and a number of other persons purchased from appellee certain lots in the latter's addition to the town of Rochester, Indiana. The price of each lot was $200, to be paid for as follows: $10 cash and $1 each week until the balance of $190 was fully paid. Appellant defaulted in making his de-

ferred payments. A certain written instrument designated a "Warranty Deed Bond," dated August 17, 1895, issued by appellee to appellant, stipulated that upon payment by appellant of $190, in weekly payments of $1 a week, appellee would execute to appellant a warranty deed for lot No. 131, free and clear of all liens and encumbrances.

The complaint alleges that at the time of the commencement of this action appellant was in default in the sum of $141, which was due and unpaid.

The second, third, and fourth assignments of error relate to the sustaining of a demurrer for want of facts to the first paragraph, and to the amended second and fourth paragraphs of answer. The same objection is urged to each of these paragraphs. Appellant contends (1) that the demurrer to each of these answers should have been carried back and sustained to the complaint, since if the complaint was not good, it was error to sustain a demurrer to an answer thereto; (2) that the form of the demurrer was insufficient, in that it stated "for the reason that neither [paragraph of answer] states facts sufficient to constitute a cause of action." It is true, as claimed by appellant, that

1. a demurrer to an answer tests the sufficiency of the complaint, as well as the answer to which it is addressed. But in order to have the ruling of the court reviewed by an appellate tribunal, the complaining party must present the question by a proper assignment of error. *McAfee* v. *Bending* (1905), 36 Ind. App. 628, and cases cited. Appellant's assignment of error does not raise any question on the complaint.

As to the form of the demurrer, it must be conceded that the contention of appellant is well sustained by authority. *School City of Noblesville* v. *Heinzman* (1895), 13

2. Ind. App. 195; *Wintrode* v. *Renbarger* (1898), 150 Ind. 556; *Oglebay* v. *Tippecanoe Loan, etc., Co.* (1908), 41 Ind. App. 481. Had the court overruled the de-

murrer, no error would have been committed, for as was said by this court in the case of *Bell* v. *Hiner* (1896), 16 Ind. App. 184: "Earlier cases held that it was reversible error to sustain a defective demurrer to an answer without reference to its sufficiency. *Gordon* v. *Swift* [1872], 39 Ind. 212; *Dugdale* v. *Culbertson* [1856], 7 Ind. 664. Later and better considered decisions, however, declare the law to be that although the demurrer be insufficient to test the pleading and might be overruled without error, yet if it is in fact sustained and the pleading is really bad, then no harmful error occurs." We find no reason for changing the present rule covering the question of the action of the trial court on a defective demurrer.

A demurrer was sustained to each of the answers, but appellant has not, either in his points and authorities or in his argument, attempted to sustain either of the answers, except in the manner and form to which we have called attention. Any other question touching either of said answers must be regarded as waived. *Town of Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679; *Theobald* v. *Clapp* (1909), 43 Ind. App. 191.

The fifth assignment is that the court erred in sustaining the demurrer of appellee to the seventh paragraph of appellant's answer. From the record it appears that appellant filed a seventh paragraph of answer, to which a demurrer was sustained. By leave of court this paragraph was amended, and a demurrer thereto, as amended, filed. No ruling seems to have been made on the last demurrer, therefore no question thereon is presented by this assignment.

The next error relied on by appellant is that the court erred in its conclusions of law. Under this assignment it is insisted that if the evidentiary facts are eliminated, and the ultimate facts only, as found by the court, are considered, the findings are insufficient to sustain the conclusions of law.

The findings cover nearly sixteen pages of appellant's printed brief, and we will attempt to give only a brief synopsis of them.

The court found that appellee was incorporated under the laws of this State, and was authorized to purchase, hold, improve, sell and convey real estate for the purpose of promoting the interests of the town of Rochester, Indiana, by encouraging existing manufacturing concerns and the locating of others; that appellee became the owner of a certain tract of land in Fulton county, Indiana, particularly described; that it caused said land to be platted and laid out in lots to the number of 173; that said lots were of unequal value; that on July 17, 1895, appellee and William H. Ogan entered into a written contract, whereby it was provided that Ogan should sell 150 of said lots at $200 each, the purchaser to pay $10 cash and $190 in payments of $1 a week. In case Ogan was successful in selling said lots, W. H. Stoddard agreed to erect on one of three certain lots in appellee's addition to the town of Rochester a two-story brick building and an engine-room of certain dimensions, and on or before August 1, 1895, to equip said building with the necessary machines and power for the manufacture of women's and children's shoes, and commence therein the manufacture of shoes on or before October 1, 1895, and to maintain and run said factory, employing therein 100 persons, on an average, for each working day in the year, for a period of at least five years, except for interruptions caused by fire, cyclones, strikes or acts of God.

In consideration of the location of said factory in Rochester, appellee agreed to donate to said Stoddard certain lots in said addition and to pay him the sum of $10,000. On July 18, 1895, subscription papers were prepared and circulated by said Ogan, in which it was stated that the undersigned subscribed for the number of lots in said addition set opposite the subscriber's name, at the sum of $200 a lot, to

be paid for according to the terms stated, said subscription to be void unless 150 lots were subscribed for. The lots were to be distributed "the same as college lots." On payment of $10, the purchaser was to receive a bond for a deed. The sale of the lots was for the purpose of raising funds with which to locate a shoe factory, employing a certain number of persons every working day for a period of not less than five years. Appellant subscribed for one of said lots, and agreed to purchase and pay for it. There were 150 of said lots subscribed for. The distribution of the lots "the same as college lots," meant that when all the lots had been taken by subscription they were to be distributed by placing the numbers of the lots to be drawn in a receptacle, and a person blindfolded was to draw simultaneously the number of a lot and the name of a subscriber. The number of the lot drawn was to be taken by the one whose name was drawn concurrently with the number of the lot. After said 150 lots were subscribed for, a number of subscribers met to distribute the lots to the purchasers, and organized by electing a president and tellers.

Substantially the same method was pursued in distributing appellee's lots as was pursued in distributing college lots. None of the officers of appellee was present at said distribution, except Joseph A. Myers, who was then its secretary. Appellee was not present and neither participated in, superintended, directed nor assisted in said distribution in any manner; Joseph A. Myers, appellee's secretary, a subscriber for one lot, was present when the distribution of lots was made, and assisted therein by preparing for use at that time a list of the numbers of lots and the names of subscribers; but said Myers had not been directed, instructed, requested or authorized by appellee to do so, or to attend such meeting, nor did said Myers in any manner direct or advise as to the manner of distribution. Appellant was not present at such distribution, but he was awarded lot No. 131 in said addition, in the same manner that all other lots were

distributed. Appellant knew of the distribution, and thereafter accepted a warranty deed bond for said lot, and paid a number of instalments of the purchase price. Said shoe company was organized, a factory built, $10,000 paid by appellee to said Stoddard, and certain lots donated, all as provided for in said contract between appellee and Stoddard, and the provisions in the subscription lists for lots were substantially complied with by appellee. For said five years from the time said factory was built and equipped there were from 60 to 160 persons employed therein. Said bond, dated August 17, 1895, stipulated that appellee on that day had sold to appellant lot No. 131 in the Rochester Improvement Company's addition to the town of Rochester, in Fulton county, Indiana, for the price of $200, $10 of which had been paid to appellee, and $190 to be paid to appellee, in payments of $1 per week, and time was made the essence of said contract or bond. At the time of the trial there was due to appellee, on account of said bond, $244.52. Appellee performed all conditions in said contract by it to be performed.

Upon the facts found, the conclusion of law was that appellee was entitled to recover from appellant the sum of $244.52 and costs.

It is true, as claimed by appellant, that the ultimate facts found are interspersed with evidentiary facts, which have no place in special findings, and therefore cannot be the

6.    basis for a conclusion of law. *Dinius* v. *Lahr* (1905), 36 Ind. App. 425, and cases cited. But if in the findings, taken as a whole, after eliminating all matters not to be considered, there still remain facts properly found within the issues sufficient to uphold the conclusions of law, such conclusions will be upheld and the surplus findings disregarded. *Major* v. *Miller* (1905), 165 Ind. 275.

The complaint was founded upon a written promise by appellant to pay to appellee certain sums of money at specified times. It alleged a default by appellant in making said payments, and that a certain sum was due and unpaid; that

appellee had performed all the stipulations in said contract by it to be performed. There are no findings tending to support the seventh paragraph of answer, therefore we must assume that its material averments were not proved. The third and sixth paragraphs of answer proceeded upon the theory that the scheme of appellee, for the sale and distribution of the 150 lots, was a lottery, and therefore void as against public policy. The findings show that appellee took no part in the distribution of the lots in question. On the contrary, it is found that the subscribers for the lots distributed them under an arrangement agreed upon among themselves. These facts take this case without the doctrine announced by the court in the case of *Lynch* v. *Rosenthal* (1896), 144 Ind. 86, 31 L. R. A. 835, 55 Am. St. 168, and place it within the rule declared by this court in the case of *McCleary* v. *Chipman* (1904), 32 Ind. App. 489. See, also, *Wile* v. *Rochester Improvement Co.* (1900), 24 Ind. App. 422; *Washington Glass Co.* v. *Mosbaugh* (1898), 19 Ind. App. 105; *Chancy Park Land Co.* v. *Hart* (1898), 104 Iowa 592, 73 N. W. 1059.

Appellant insists that it was error to overrule his motion for a *venire de novo,* for the reason that the special findings state items of evidence merely, and not the facts proved by the evidence. Also that conclusions of law embrace matters of fact.

As we have heretofore said, it is the ultimate facts, only, which sustain conclusions of law. *Perkins* v. *Hayward* (1890), 124 Ind. 445; *Cottrell* v. *Nixon* (1887), 109 Ind. 378. But the law in this State is that a "motion for a *venire de novo* can only be entertained when the verdict or finding is so defective, uncertain, or ambiguous upon its face that no judgment can be rendered upon it (*Bartley* v. *Phillips* [1888], 114 Ind. 189), and the question of insufficient or indefinite findings can be presented in no other way. 2 Elliott, Gen. Prac. §935; *Chaplin* v. *Sullivan* [1891], 128 Ind. 50

These imperfections always lie in matters of form, and for no other reason will the writ be awarded. *Mitchell* v. *Friedley* [1891], 126 Ind. 545; *Hamilton* v. *Byram* [1890], 122 Ind. 283; *Bowen* v. *Swander* [1889], 121 Ind. 164; 2 Elliott, Gen. Prac. §978.". *Waterbury* v. *Miller* (1895), 13 Ind. App. 197, 207. . While the findings in this case contain many statements which are evidentiary only, we cannot, on that account, disregard the issuable facts found. If such findings are complete or sufficiently definite to support the judgment rendered, a motion for a *venire de novo* will not be sustained. *Smith* v. *Barber* (1899), 153 Ind. 322; *Equitable, etc., Ins. Co.* v. *Stout* (1893), 135 Ind. 444; *Graham* v. *State, ex rel.* (1879), 66 Ind. 386; *Maxwell* v. *Wright* (1903), 160 Ind. 515; *Waterbury* v. *Miller, supra.*

We regard the findings in this case amply· sufficient to sustain the judgment.

Appellant also insists that the decision of the court was not sustained by· the evidence. Appellant has not pointed out any issuable fact found by the court which has no evidence to sustain it, but contents himself with the statement "that the special findings, being made up of evidentiary facts, preclude ultimate facts, and that the findings are wholly worthless."

What we have said with reference to the motion for a *venire de novo* is a sufficient answer to the only point made by appellant in support of his motion for a new trial. We have carefully read all the evidence as disclosed by the record, and deem it sufficient to support the decision of the court.

Appellant moved to arrest the judgment. This motion was overruled, and error is here assigned upon that ruling. The complaint alone was challenged by that motion, on the ground that the allegations therein, respecting its performance of the obligations resting upon it by the terms of the warranty deed bond, were not shown. The allegation deemed insufficient is that "the party has com-

plied with all the obligations resting upon it under said contract.'' The claim is that it states a conclusion and not a fact. A motion in arrest of judgment, because of an insufficient complaint, will not be sustained, where the complaint discloses facts sufficient to bar another action for the same thing and its defects might have been supplied by proof. *South Shore Gas, etc., Co.* v. *Ambre* (1909), 44 Ind. App. 435; *Chapell* v. *Shuee* (1889), 117 Ind. 481; *Powell* v. *Bennett* (1892), 131 Ind. 465; *Ohio, etc., R. Co.* v. *Smith* (1892), 5 Ind. App. 560.

This was an action based upon a written instrument designated as a ''Warranty Deed Bond.'' This instrument was made a part of the complaint by an exhibit. There is no condition in the bond which appellee was to perform precedent to appellant's liability to pay the bond, but it provided that upon the payment by appellant of certain specified amounts at certain specified times, such payments aggregating $200, appellee was to execute to appellant a general warranty deed for a certain lot, which lot should be free and clear of all encumbrances. Since the time had not arrived for the execution of such deed, and appellant had not made the payments as provided in the bond, and this being an action to recover certain defaulted payments—less than the total sum agreed to be paid—appellant was not required to tender the deed as a condition precedent to its right to maintain this action. *Wile* v. *Rochester Improvement Co.* (1900), 24 Ind. App. 422; *Irwin* v. *Lee* (1870), 34 Ind. 319; *Summers* v. *Sleeth* (1874), 45 Ind. 598. The general allegation, that plaintiff ''has complied with all the obligations resting upon it under said contract,'' taken in connection with the exhibit, furnishes a sufficient basis to support the judgment as against a motion in arrest.

Judgment affirmed.