CENTRAL TRUST AND SAVINGS COMPANY, RECEIVER, v. WALLACE.

[No. 9,451.   Filed February 8, 1918.]

1. TRIAL.—*Special Findings.—Failure to Find.—Effect.*—The failure of the trial court to find on a fact in issue is equivalent to a finding against the party having the burden on that issue. p. 633.

2. TRIAL.—*Conclusions of Law.—Exceptions.—Effect.*—An exception to the conclusions of law admits for the purpose of such exception that all facts within the issues are fully and correctly found. p. 633.

3. APPEAL. — *Review. — Findings. — Absence of Evidence from Record.—Presumption.*—In the absence of the evidence from the record, the court on appeal must assume that there was evidence to support the trial court's finding of fact. p. 634.

4. FIXTURES.—*Trade Fixtures as Personal Property.*—Trade fixtures, purchased by a tenant engaged in the candy and ice cream business, and placed by him at his own expense in a leased room with the consent of the landlord, all being of such a character that they could be, and were, removed without any material damage to the realty, were personal property. p. 634.

5. FIXTURES.—*Right of Removal.*—*Intention of Parties.*—The relation of the parties and the intention of the party making an annexation of fixtures is important in determining the character of the property, for, as a general rule, the parties immediately concerned may, by agreement between themselves, manifest their purpose that the property, although it is to be annexed to the realty, shall retain its character of personalty, and the right of removal, which may be inferred from the acts and dealings of the parties, of itself would place upon such property the character and stamp of personal property. p. 634.

6. TRIAL.—*Motion for a Venire de Novo.*—*Overruling.*—*Sufficiency of Findings.*—Where the findings were complete and sufficiently definite to support the judgment rendered, it was not error for the trial court to overrule defendant's motion for a *venire de novo.* p. 635.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by James B. Wallace against the Central Trust and Savings Company, receiver, Chalmers H. Browne and Albert D. Ogborn. From a judgment for plaintiff, Ogborn appeals. *Affirmed.*

*Forkner & Forkner* and *Albert D. Ogborn,* for appellant.

*Barnard & Brown,* for appellee.

IBACH, C. J.—This is an appeal by appellant Albert D. Ogborn from a judgment in a replevin action by which appellee was adjudged to be the owner and entitled to the possession of the following property: "2 window mirrors, 1 electric carbonator, 1 wall case 30 feet long, 1 soda fountain, front bar and fixtures, desk and partition, 30 feet shelving in rear room, 1 ice cream freezer, 1 ice crusher, 1 electric motor, belting, shafting, pulleys, etc."

At the request of appellant the court filed a special

finding of facts with conclusions of law stated thereon. Motions for a venire de novo and for a new trial were overruled. Appellant has assigned as error that the court erred in its conclusions of law stated on the finding and also the overruling of each of said motions.

The court finds in substance the following: Appellee in the year 1905 leased a certain storeroom of one Clarence H. Beard for a term of five years for the purpose of carrying on the business of the manufacture and sale of candy and ice cream. The lease was in writing, but was not recorded, and is lost. At the time the lease was made the room was a part of a new building just completed and had never been occupied and was a plain bare room. Appellee took possession of the room and proceeded to install, with the consent of said Beard, machinery, appliances and appurtenances necessary for the establishment of the aforesaid business. The nature and character of the property in question, its manner of placement in the building, and its use are fully found. Appellee occupied the room under his first lease until the expiration thereof, when he continued in possession of said property and in the operation of said business without any further or different contract as a tenant from year to year until February 10, 1912. On February 9, 1912, appellee entered into a contract for the sale and delivery of said property and business to appellant Browne. The contract was delayed until the next day to enable Browne to obtain a new lease for the room. On February 10, 1912, appellee signed a bill of sale describing the property as personal property, to wit: "All stock and fixtures contained in said room used in connection with the candy and ice cream business, including show cases, soda fountain and accessories, tubs, packers and pans and all candy

and ice cream stock and cigars; also two automobile trucks used in connection with said business, one 'Buick' and one 'Brush'.'' At the same time Browne executed a mortgage to appellee to secure a part of the purchase money for said property, which mortgage is set out in the finding and describes the property as ''all candy stock, ice cream manufacturing machinery, including all tubs, packers, and equipment of every kind connected with said ice, cream business, all fixtures and everything belonging to the candy and ice cream business as now contained on the ground floor in said room.'' This mortgage was duly recorded in chattel mortgage record. At the time Beard and Browne executed a lease on said room for a period of five years, which lease is made a part of the finding and purports to be a lease for the ground floor or business room ''now occupied by the Wallace Candy Kitchen.'' All of these instruments were delivered at the same time as a part of one transaction. The new lease contained no reservation of fixtures. In March, 1913, Beard sold the building in which said room was situated to appellant Ogborn, and delivered said lease to him. Browne occupied the room and carried on the business until September 8, 1914, at which time he failed in business. .At that time there was due Ogborn $70 rents. Upon that day an action was brought and a receiver appointed for said business and the property connected therewith. The receiver accepted the trust, took over the property and room and closed the business, but kept the property and room under its control until October 20, 1914. The rent was not paid and Ogborn demanded the rent of the receiver and of Browne, and on failure to pay demanded possession of the room under the terms of the lease. About the 8th or 10th day of November, 1914, Ogborn took actual posses-

sion of the room and property in controversy therein, and held the same until this suit was brought on November 16, 1914. The court further finds that the only title that appellee has to the property is by virtue of the chattel mortgage hereinabove found; that prior to bringing suit appellee demanded possession of said property, and the same was refused; that the property described in the judgment "is and was while in said room and at the time of the bringing of this action, personal property, and all of said property was covered by and described in said mortgage set out heretofore."

The court concluded that the law was with appellee; that he is the owner and entitled to the possession of the property taken under the writ of replevin.

Appellant makes two contentions, which are in effect as follows: (1) That the court finds that the only title appellee has to the property is by virtue of the chattel mortgage and that the mortgage described the property in question as "fixtures;" that the failure of the court to find that the property was fixtures was equivalent to a finding that it was "not fixtures" and therefore the finding does not support the conclusions of law. (2) But if this court should determine that the property was fixtures, then appellee's right to the same had been forfeited.

It is well settled that the failure of the trial court to find on a fact in issue is equivalent to a finding against the party having the burden on that issue. *Mug* v. *Ostendorf* (1911), 49 Ind. App. 71, 96 N. E. 780. It is equally well settled that an exception to the conclusions of law admits for the purpose of such exception that all facts within the issues are fully and correctly found. *Hatfield* v. *Rooker* (1913), 56 Ind. App. 1, 104 N. E. 798.

Counsel for appellant, however, make the mistake in assuming that the property here involved was described in the mortgage as "fixtures." The item of fixtures therein mentioned was only one of several specific items named. The court has expressly found that the property in controversy was covered by and described in the mortgage. In the absence of the evidence, which is not made a part of the record, we must assume that there was evidence to support such finding.

The court further found that the property in question was personal property, and such finding is not in conflict with the character of the property and the method and manner of its annexation to the realty as found by the court. Such other findings show that the property here involved was all in the nature of trade fixtures purchased by appellee, a tenant, with his own money, and placed by him at his own expense in said building with the consent of the landlord, and all of which was used in the conduct of his ice cream and candy business; that they were of a character that they could be removed and were removed without any material damage to the realty.

The relation of the parties and the intention of the party making the annexation are important in determining the character of the property. As a general rule the parties immediately concerned may, by agreement between themselves, manifest their purpose that the property, although it is to be annexed to the realty, shall retain its character of personalty, and the right of removal, which may be inferred from the acts and dealings of the parties, of itself would place upon such property the character and stamp of personal property. *Binkley* v. *Forkner* (1889), 117 Ind. 176, 19 N. E. 753, 3 L. R. A. 33; *Adams* v. *Tully* (1904), 164 Ind. 292, 73 N. E. 595; *Young* v.

*Baxter* (1876), 55 Ind. 188; *Gordon* v. *Miller* (1901), 28 Ind. App. 612, 620, 63 N. E. 774; *Newcastle Theatre Co.* v. *Ward* (1914), 57 Ind. App. 473, 104 N. E. 526; *Wells, Replevin* (2d ed.) §§61, 75.

The rules of law relating to the forfeiture of fixtures insisted upon by appellant, if applicable to the facts, would afford some foundation for appellant's further claim, but here the court has found the property to be personal property, in which case the rules contended for have no application. *Noyes* v. *Gagnon* (1917), 225 Mass. 580, 114 N. E. 949, 951.

The findings are complete and sufficiently definite to support the judgment rendered, and therefore the court did not err in overruling appellant's

6. motion for a *venire de novo*. *Ginther* v. *Rochester, etc., Co.* (1910), 46 Ind. App. 378, 386, 92 N. E. 698, and cases cited. Neither did the court err in overruling the motion for a new trial.

No available error having been pointed out, the judgment of the trial court is affirmed. Judgment affirmed.

NOTE.—Reported in 118 N. E. 593. See under (4) 19 Cyc 1065; (5) 19 Cyc 1045. Fixtures, as personal property, 84 Am. St. 877.