Braverman et al. v. Langhorne, Appellant.

Argued October 14, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*George E. Beechwood,* and with him *William J. Conlen,* for appellant.

*I. Finkelstein,* and with him *David S. Malis,* for appellee, cited: National Bank v. North, 160 Pa. 303; Vaughen v. Haldeman, 33 Pa. 522; Heysham v. Dettre, 89 Pa. 506.

Opinion by Trexler, P. J., December 12, 1930:
The plaintiffs, a house wrecking concern, sued the defendant for damages for breach of contract, alleging that the defendant agreed to sell to them two boilers, including radiators and valves connected therewith,

located in premises on Spring Garden Street, Philadelphia. Defendant, in his affidavit of defense, denied that he had entered into the alleged contract and pleaded that the contract, if made, involved the sale of an interest in real estate and was not the subject of a verbal agreement of sale under our statute of March 21, 1772, relating to frauds and perjuries. The trial resulted in a verdict in favor of the plaintiff.

We will consider the questions submitted in order. (1) Is there a fatal variance between the allegata and probata where suit in assumpsit is brought for damages on the theory of an oral contract, and at the trial a written contract is proven? This question is answered by the trial judge who tried the case without a jury in his opinion on a motion for new trial and judgment n. o. v. "The paper offered in evidence by the plaintiffs was signed only by the defendant, per his agent, and was offered in corroboration of the testimony by the plaintiff of the payment of a deposit on account of the contract price. It was not offered in evidence as the contract between the parties. The defendant's position is not tenable." We think the position of the trial judge is well taken. The paper offered in evidence was merely confirmatory of the verbal bargain that had been made.

(2) "Is oral testimony, offered to prove an oral contract, rendered inadmissible where the evidence later shows a written contract to be in existence?" This is answered by the fact that plaintiff relied on an oral contract and at the trial proved its existence.

(3) "Is a contract for the sale of boilers, with attached radiators and valves, all permanently annexed to the freehold, within the Statute of Frauds, where the buyer agrees to detach them at some future undetermined date?" We may admit that ordinarily boilers, radiators and valves attached to the real estate pass with it upon sale, but that is not the question here. These buildings were to be demolished. The contract

of the parties looked to a severance. The trial judge refers to the case of National Bank of Catasauqua v. North, 160 Pa. 303, where it is stated that steam-heating apparatus is indispensable to the occupancy of a dwelling house as such cannot be pretended. "Of no such appliances can it be said that they are of such a nature or character as to be necessary to carry out the obvious purpose for which the building was erected, permanently to increase its value for occupation and use, or to constitute lasting accessions to the property. The same considerations of personal comfort, convenience and safety that call for their adoption at one time will require the discarding of them later on. So far as they consist of movable articles merely standing upon the floors, though screwed to pipes, in walls or under floors, their relation to the realty itself is not different from that of any other sort of detachable heating apparatus, from a portable furnace down to a gas stove, and the consequences of their severance from the realty are precisely the same in kind." This is not a case of the sale of the property in which there is a dispute between the seller and the buyer as to what passes with the real estate. The only question here is whether the owner of a property can by verbal contract sell a fixture which is attached to the real estate, but is readily severable from it. The parties to such contracts can determine their rights and a right of severance may pass by oral contract. "Where the owner sells a building with the right of removal, he gives it the character of personalty; and in impressing this character upon it, he takes it without the statute as effectually as if he had torn it down and sold the materials of which it is composed": Rogers v. Cox, 96 Ind. 157.

(4) The last question:—whether the court should have given judgment for the defendant, does not require discussion.

The judgment is affirmed.