LA PINTA *v*. STATE OF INDIANA ET AL.

[No. 30,352. Filed May 19, 1965.]

R. *Ronald Calkins*, and *Coates, Hatfield & Calkins*, of counsel, of Indianapolis, for appellants.

*George P. Doyle* and *Forrest Semones*, and *Mantel & Doyle*, of counsel, of Indianapolis, for appellees, Gershanoffs.

*Edwin K. Steers*, Attorney General, and *Harry E. Riddell*, Deputy Attorney General, for the State of Indiana.

JACKSON, J.—This matter comes to us as an appeal from an interlocutory order of the Superior Court of Marion County, Room 5, Indiana.

The action was originally instituted when the State of Indiana filed a complaint for the appropriation of real estate which alleged that appellees, Gershanoffs, owned real estate described in the complaint for condemnation, in fee simple. The complaint further alleged that the State was informed that appellant, LaPinta, claimed an interest in the real estate, and that LaPinta was made a party to answer as to any right, title or interest LaPinta might have in and to such real estate.

Court appointed appraisers assessed the damages for the appropriation of the real estate in the amount of $37,713.19. Appellees, Gershanoffs, and appellant, LaPinta, filed exceptions to the appraisement. The State of Indiana paid into the office of the Clerk of the court damages in the amount of the appraisement.

Acts 1905, ch. 48, §8, p. 59; 1961, ch. 317, §1, p. 884, §3-1707, Burns' Cum. Supp., provides that defendants in condemnation actions may withdraw their proportionate share of damages paid into the clerk of the court without waiving their exceptions to the appraisement. The statute establishes the procedure for obtaining withdrawal, including a written request, notice to other parties, and hearing by the court.

Pursuant to the statute, appellees, Gershanoffs, filed their request for payment to them of the damages paid into the office of the clerk, alleging that no other persons had any right, title or interest in and to the property appropriated by the State. Appellant filed objections to this request alleging that appellant owned a dwelling house affixed to the real estate which was appropriated. A hearing was held by the court upon notice pursuant to the statute.

The court, after hearing evidence upon the issues presented, found that the allegations of appellees, Gershanoffs', petition for payment of the award to them were true, and that appellees, Gershanoffs, were entitled to immediate payment of the sum of $37,713.19. The court therefore ordered the clerk to pay said sum to appellees, Gershanoffs. The court's judgment being as follows:

"Come now the defendants Chris T. Gershanoff and Zora Gershanoff, and said defendants having filed a petition requesting payment to them of monies heretofore paid in by plaintiff to the Marion County Clerk of Court, which petition is in the words and figures as follows:

"and the parties hereto having been notified to appear by the Court for this hearing upon said request, and the Court having heard the evidence, and being duly advised in the premises, finds that the allegations of the Petition for Payment of the defendants Chris T. Gershanoff and Zora Gershanoff are true and the Court finds that the Court-appointed appraisers have assessed the damages

in this cause at $37,713.19, that plaintiff paid to the Marion County Clerk of Court $37,713.19, with respect to this cause, that defendants Chris T. Gershanoff and Zora Gershanoff are resident freeholders of Marion County, Indiana and own the real estate appropriated in this action, together with other real estate in Marion County, Indiana, that the highest offer of settlement made by plaintiff to the defendants Chris T. Gershanoff and Zora Gershanoff is $51,854.00 and that defendants Chris T. Gershanoff and Zora Gershanoff, are entitled to immediate payment of $37,713.19, without a written undertaking and surety thereon.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, by the Court that the Marion County Clerk of Court be and he hereby is directed and ordered to pay to the defendants Chris T. Gershanoff, Zora Gershanoff and their attorney, George (sic) P. Doyle, jointly, the sum of $37,713.19.

"Dated at Indianapolis, Indiana, this 21st day of December, 1962.

"/s/ John L. Linder
"Judge, Marion County
Superior Court, Room No. 5"

It appears from the record that prior to the testimony of the only witness, the appellant, there had been a stipulation of facts to the effect that at a prior hearing the petitioners, Chris and Zora Gershanoff were owners of the property at the time the condemnation proceedings were filed and that they are the owners of the property at the present time, further that the amount offered by the State was also stipulated and that the amount the State had paid in was likewise stipulated.

Appellant, LaPinta, has taken the position that the legal title to the real estate, the ground, is in the Gershanoffs, but contends that title to the improvements, namely the house constructed on a portion of said land, remained in LaPinta. In the interest of brevity it is sufficient to say that appellant

has waived all assigned errors by failure to point out and apply points of fact or law to them. The trial court did not err in ordering the clerk to disburse the paid in condemnation award to the appellees, Gershanoffs, for the reason that appellant has failed to sustain his burden of presenting evidence establishing his proprietary interest in the property appropriated.

By stipulation and by evidence it is uncontradicted that the Gershanoffs are the owners in fee of the real estate sought to be appropriated. Appellant predicates his claim to a portion of the damages on the theory that he has a proprietary interest in the building constructed thereon. When a building is affixed to land it becomes a part of the real estate and owned by the owner of the soil, unless there be a clear and explicit understanding and determination on the part of the parties to the contract that the building so located is and remains personal property. If the ownership of the building is claimed by one who is not the owner of the land, the claimant must show facts which establish such claim and that the ordinary rules of interpretation do not apply to that specific contract. See: *Adams* v. *Tully* (1905), 164 Ind. 292, 73 N. E. 595; *The Indianapolis, Decatur, etc., Ry. Co.* v. *First National Bank, etc.* (1893), 134 Ind. 127, 33 N. E. 679; *Griffin et al.* v. *Ransdell* (1880), 71 Ind. 440.

The court in the *Griffin* case, *supra,* said at page 442 that the claimant must

" . . . affirmatively show some valid contract, or some relationship between the owner of the land and herself or some one through whom she claimed, which would overcome the presumption that the dwelling-house was real property, owned by the owner of the soil."

In the case at bar no agreement was shown by the appellant which recognized ownership of the house as

being in appellant, and such agreement cannot be here implied. *Citizens Bank* v. *Mergenthaler Linotype Co.* (1940), 216 Ind. 573, 25 N. E. 2d 444; *Binkley* v. *Forkner et al.* (1889), 117 Ind. 176, 19 N. E. 753.

In the case at bar the facts show that appellant had affixed a permanent structure, a shell dwelling house, to the soil, that appellant did not reserve a property interest in the house, but intended to look to the then owner of the real estate for payment of the contract price, or rely upon a mortgage interest in the real estate as security for the contract price. The attempt to take a mortgage on the property constituted a clear recognition of the fact that the title to the property was in the owner. *Yarlott* v. *Brown* (1923), 192 Ind. 648, 138 N. E. 17; *Baldwin* v. *Moroney* (1910), 173 Ind. 574, 91 N. E. 3.

The trial court after hearing all the evidence found that the allegations of appellees' petition for payment were true, including the allegation that no persons other than appellees, Gershanoffs, had any right, title or interest in the property, and that they were entitled to immediate payment of the condemnation damages held by the clerk. The court therefore ordered the clerk to pay the funds to the appellees, Gershanoffs.

The trial court's findings and order were clearly correct and the judgment of the trial court is hereby affirmed.

Arterburn, C. J., Myers, Landis and Achor, JJ., concur.

NOTE.—Reported in 207 N. E. 2d 215.